## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.B., A MINOR, BY K.B. AND P.B., HER PARENTS AND NATURAL GUARDIANS, AND K.B. AND P.B. IN THEIR OWN RIGHT | : | CIVIL ACTION |
| PLAINTIFFS, | : | |
| v. | : | NO. |
| SCHUYLKILL COUNTY | : | |
| AND | : | |
| SCHUYLKILL COUNTY CHILDREN & YOUTH SERVICES | : | |
| AND | : | |
| MARCIA HOKE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CASE WORKER OF SCHUYLKILL COUNTY CHILDREN & YOUTH SERVICES | : | |
| AND | : | |
| KIDSPEACE | : | |
| AND | : | |
| KIDSPEACE NATIONAL CENTERS, INC. | : | |
| AND | : | |
| KIDSPEACE CORPORATION | : | |
| AND | : | |
| KELSEY O'HARA, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CASE WORKER OF KIDSPEACE'S DOYLESTOWN OFFICE | : | |
| AND | : | |
| HEATHER MOORE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE EASTERN PENNSYLVANIA REGIONAL MANAGER OF KIDSPEACE | : | |
| AND | : | |
| CORI RUSZKOWSKI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PROGRAM MANAGER OF KIDSPEACE'S DOYLESTOWN OFFICE | : | |
| AND | : | |
| CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC. | : | |
| AND | : | |
| GENEVA MATHUSE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CORPORATE SOCIAL RESPONSIBILITY WORKER OF CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC. | : | |
| | : | |
| DEFENDANTS. | : | JURY TRIAL DEMANDED |

1

## COMPLAINT

Plaintiffs, M.B., a minor, by K.B. and P.B., her parents and natural guardians, and K.B. and P.B., in their own right, by and through their attorneys, Anapol Weiss, by way of Complaint against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, aver as follows:

## PARTIES

1.      Plaintiff, M.B. is a minor who at the time of the incident described herein was a citizen of the Commonwealth of Pennsylvania who lived with her parents and natural guardians, K.B. and P.B. in Quakertown, PA 18951.  M.B. and her parents are currently residents of the State of Virginia, residing in Roanoke, Virginia, 24015.  Plaintiffs' names are abbreviated to protect them given the private nature of the allegations contained in the complaint.

2.      Plaintiff, K.B., is an adult individual who at the time of the incident described herein was a citizen of the Commonwealth of Pennsylvania who lived in Quakertown, PA 18951. K.B. is currently a resident of the State of Virginia who resides in Roanoke, Virginia, 24015.

3.      Plaintiff, K.B., is the parent, mother, and natural guardian of Plaintiff, M.B., a minor.

4.      Plaintiff, P.B., is an adult individual who at the time of the incident described herein was a citizen of the Commonwealth of Pennsylvania who lived in Quakertown, PA 18951. P.B. is currently a resident of the State of Virginia who resides in Roanoke, Virginia, 24015.

5.      Plaintiff, P.B., is the parent, father, and natural guardian of Plaintiff, M.B., a minor.

2

6.      Defendant, Schuylkill County ("SC"), is a local governmental unit and/or agency of the Commonwealth of Pennsylvania with business offices located at 401 North 2nd Street, Pottsville, Pennsylvania 17901.  SC is a "person" as the term is used in 42 U.S.C. § 1983.

7.      Defendant, Schuylkill County Children & Youth Services ("SCCYS"), is a local governmental unit and/or agency of the Commonwealth of Pennsylvania with business offices located at 324 North Centre Street, Pottsville, Pennsylvania 17901.  SCCYS is a "person" as the term is used in 42 U.S.C. § 1983.

8.      Upon information and belief, Defendant, Marcia Hoke, is an employee/agent of SCCYS working as a case worker at 324 North Centre Street, Pottsville, Pennsylvania 17901.  Upon information and belief, Ms. Hoke was responsible for the placement and for the oversight of the foster child that was placed in the Plaintiffs' home which is the subject of this incident.  Ms. Hoke is sued in both her official and individual capacities.

9.      Defendant, KidsPeace, is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace is a "person" as the term is used in 42 U.S.C. § 1983.

10.     Defendant, KidsPeace National Centers, Inc., is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace National Centers, Inc. is a "person" as the term is used in 42 U.S.C. § 1983.

11.     Defendant, KidsPeace Corporation., is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace

Corporation is a "person" as the term is used in 42 U.S.C. § 1983.  KidsPeace, KidsPeace

National Centers, Inc. and KidsPeace Corporation are herein collectively referred to as

"KidsPeace".

12.     Upon information and belief, Defendant, Kelsey O'Hara, is an employee/agent of

KidsPeace working as a case worker at KidsPeace Doylestown's office located at 10 S. Clinton

Street, Suite 304, Doylestown, Pennsylvania, 18901.  Ms. O'Hara is responsible for providing

support to families caring for a foster child.  In this capacity and upon information and belief,

Ms. O'Hara was responsible for the oversight of the foster child that was placed in the Plaintiffs'

home which is the subject of this incident as well as working with the foster family, K.B. and

P.B., on a daily basis.  Ms. O'Hara is sued in both her official and individual capacities.

13.     Upon information and belief, Defendant, Heather Moore, is an employee/agent of

KidsPeace working as the Eastern Pennsylvania Regional Manager of KidsPeace, with an office

located at 10 S. Clinton Street, Suite 304, Doylestown, Pennsylvania, 18901.  Upon information

and belief, Ms. Moore is responsible for overseeing KidsPeace's Foster Care and Adoption

Services' operations and employees within Lehigh, Bucks and Berks Counties.  In this capacity

and upon information and belief, Ms. Moore was responsible for overseeing KidsPeace

employees who placed and oversaw the foster child in the Plaintiffs' home which is the subject

of this incident.  Ms. Moore is sued in both her official and individual capacities.

14.     Upon information and belief, Defendant, Cori Ruszkowski, is an employee/agent

of KidsPeace working as the Program Manager of KidsPeace's Doylestown office located at 10

S. Clinton Street, Suite 304, Doylestown, Pennsylvania, 18901.  Upon information and belief,

Ms. Ruszkowski is responsible for the placement of foster children in a suitable foster home.  In

this capacity, Ms. Ruszkowski was responsible for the placement of the foster child in the

4

Plaintiffs' home which is the subject of this incident.  Ms. Ruszkowski is sued in both her official and individual capacities.

15.      Catholic Social Services of the Diocese of Scranton, Inc. ("CSS") is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a social services organization with a registered address of 315 Wyoming Avenue, Scranton, Pennsylvania 18503.  CSS is a "person" as the term is used in 42 U.S.C. § 1983.

16.      Upon information and belief, Defendant, Geneva Mathuse, is an employee/agent of CSS working as a Corporate Social Responsibility Worker for CSS in their regional office located at 214 W. Walnut Street, Hazleton, Pennsylvania 18201.  Ms. Mathuse is responsible to assist those seeking to adopt infants or foster children through the Statewide Adoption and Permanency Network (SWAN).  Upon information and belief, Ms. Mathuse knew that the foster child placed in the Plaintiffs' home posed a danger to the Plaintiffs.  Ms. Mathuse is sued in both her official and individual capacities.

17.      At all times relevant hereto, Defendant SC was and is a local governmental agency of the Commonwealth of Pennsylvania which, in part, is responsible for providing temporary, alternative living arrangements, when necessary, for citizen children including foster care placement services.  The incident described herein involves SC's negligent, careless, reckless and deliberately indifferent placement of a minor foster child (hereinafter, J.W.) into the Plaintiffs' family home even though SC knew that the placement of minor, J.W., into the Plaintiffs' home would cause harm to the Plaintiffs' family.

18.      At all times relevant hereto, Defendant SCCYS was and is a local governmental agency of the Commonwealth of Pennsylvania and Schuylkill County which is responsible for providing temporary, alternative living arrangements, when necessary, for children including

foster care placement services.  SCCYS' website indicates that it has an average of 290 children in legal custody on a daily basis of whom 100 receive placement services within the Agency's foster care system.  The incident described herein involves SCCYS' negligent, careless, reckless and deliberately indifferent placement of a minor foster child, J.W., into the Plaintiffs' family home even though SCCYS knew that the placement of J.W. into the Plaintiffs' home would cause harm to the Plaintiffs' family.

19.     At all times relevant hereto, Defendant Hoke was a case worker at SCCYS where one of her responsibilities was to ensure that the placement of foster children in a foster home was safe for the foster children and, just as importantly, safe and suitable for the family accepting the foster child placement.  Upon information and belief, Defendant Hoke was also responsible for working with foster families following placement of a child into their residences.  Upon further information and belief, Defendant Hoke knew or reasonably should have known that the placement of J.W. into the Plaintiffs' family home would cause harm to members of the Plaintiffs' family, yet despite this knowledge, nevertheless advised Plaintiffs that J.W. was not a risk and was a suitable placement for them.  Further, Defendant Hoke failed to take any actions to protect the Plaintiffs' family, including minor Plaintiff, M.B., from the incident described herein, including the removal of J.W. from the Plaintiffs' home after the improper placement, but before the incident described herein occurred.

20.     Upon information and belief, SC and/or SCCYS contracted with Defendants, KidsPeace, to assist with foster care placement services for children outside of Schuylkill County.  Upon information and belief, the contractual agreement between SC and/or SCCYS and KidsPeace allowed for KidsPeace and Defendants O'Hara, Moore and Ruszkowski to become involved with minor J.W.'s placement into the Plaintiffs' home.  KidsPeace, through its agents

6

and employees' negligent, careless, reckless, and deliberately indifferent failures, actions and inactions caused the incident described herein.  KidsPeace is also vicariously liable for the actions/inactions of its employees and agents.

21.     At all times relevant hereto, Defendant O'Hara was a case worker at KidsPeace's Doylestown office where one of her responsibilities was to ensure the safe and suitable placement of children in a foster home including the safety of the residents of the foster home. Upon information and belief, Defendant O'Hara was also the case worker responsible for working with the foster family following placement of a child into their residence.  Upon further information and belief, Defendant O'Hara knew that the placement of J.W. into the Plaintiffs' family home would cause harm to members of the Plaintiffs' family, yet despite this knowledge, nevertheless allowed for the placement to occur.  Further, Defendant O'Hara failed to take any actions to protect the Plaintiffs' family, including minor Plaintiff, M.B., from the incident described herein including removing J.W. from the Plaintiffs' home after the negligent placement but before the incident described herein occurred.

22.     At all times relevant hereto, Defendant Moore was a regional manager for KidsPeace with supervising responsibility for Lehigh, Bucks and Berks Counties.  Upon information and belief, one of Defendant Moore's responsibilities was to oversee the safe and suitable placement of children in a foster home.  Upon information and belief, Defendant Moore knew or reasonably should have known that the placement of minor J.W. into the Plaintiffs' family home would cause harm to members of the Plaintiffs' family, yet despite this knowledge, nevertheless allowed for the placement to occur.  Further, Defendant Moore failed either personally and/or failed to direct any Kidspeace employees to take any actions to protect the Plaintiffs' family, including minor Plaintiff, M.B., from the incident described herein including

removing J.W. from the Plaintiffs' home after this improper placement, but before the incident described herein occurred.

23.     At all times relevant hereto, Defendant Ruszkowski was a program manager at KidsPeace's Doylestown office where one of her responsibilities was the safe and suitable placement of children in a foster home.  Upon information and belief, Defendant Ruszkowski knew that the placement of J.W. into the Plaintiffs' family home would cause harm to members of the Plaintiffs' family, yet despite this knowledge, nevertheless allowed for the placement to occur.  Further, Defendant Ruszkowski failed to take any actions to protect the Plaintiffs' family, including minor Plaintiff, M.B., from the incident described herein including removing J.W. from the Plaintiffs' home after the improper placement, but before the incident described herein occurred.

24.     At all times relevant hereto, Defendant CSS was and is a non-profit corporation licensed and registered by the Commonwealth of Pennsylvania.  One of CSS' business objectives is to provide permanent adoption placement services to eligible persons in the Commonwealth of Pennsylvania.  Upon information and belief, CSS contracted with SC and/or SCCYS to provide foster care and permanent placement services for minor children, including J.W.  Upon information and belief, CSS and its agent/employee, Defendant Mathuse, knew that J.W. posed a risk to the Plaintiffs' family, especially minor plaintiff, M.B., yet despite this knowledge, negligently, carelessly and recklessly failed to take any actions to protect the Plaintiffs' family, including minor Plaintiff, M.B., from the incident described herein.  CSS is also vicariously liable for the actions/inactions of its employees and agents.

25.     At all times relevant hereto, Defendant Mathuse was a Corporate Social Responsibility Worker at Catholic Social Services of the Diocese of Scranton, Inc.  Upon

information and belief, Defendant Mathuse knew and voluntarily expressed that J.W. posed a

risk to the Plaintiffs' family, especially minor children like minor Plaintiff, M.B., yet negligently,

carelessly and recklessly failed to take any actions to protect the Plaintiffs' family, including

minor Plaintiff, M.B., from the incident described herein.

## JURISDICTION AND VENUE

26.     Plaintiffs incorporate by reference paragraphs 1-26 of this Complaint, as though

the same were fully set forth at length.

27.     Jurisdiction for Counts I and II of Plaintiffs' Complaint is conferred upon this

Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343, both of which provide for original jurisdiction

of Plaintiffs' claims arising under the Constitution and/or the laws of the United States and over

actions to recover damages and to secure equitable and other relief.

28.     This Court has jurisdiction over Counts III, IV V, VI, VII, VIII, IX and X of

Plaintiffs' Complaint arising under the statutory and common laws of the Commonwealth of

Pennsylvania pursuant to this Court's supplemental jurisdiction as codified at 28 U.S.C. § 1367.

29.     Pursuant to Local Rule of Civil Procedure 53.2 of the United States District Court

for the Eastern District of Pennsylvania, this case is not eligible for compulsory arbitration as the

amount in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of

interests and costs.  In addition, this case is also not eligible for compulsory arbitration as it

alleges violations of rights secured by the United States Constitution and jurisdiction for this

action is based in part upon 28 U.S.C. § 1343.

30.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)

and 1391(b)(2), as a substantial part of the actions complained of herein have occurred within

this judicial district.

## FACTUAL BACKGROUND

31.    Plaintiffs incorporate by reference paragraphs 1-30 of this Complaint, as though the same were fully set forth at length.

32.    Minor Plaintiff M.B. was born on December 25, 2012, and is presently 5 years of age.

33.    Minor Plaintiff, M.B., along with her biological minor-brother, have been in the care of Plaintiffs, K.B. and P.B., since September 15, 2014.

34.    On February 1, 2017, minor Plaintiff M.B., and her biological minor-brother were formally adopted by Plaintiffs, K.B. and P.B., through Berks County Department of Children & Youth Services.

35.    K.B. and P.B. are the parents and natural guardians of minor Plaintiff M.B.

36.    Minor Plaintiff M.B. is a special needs child with emotional and developmental disabilities.

37.    Since 2014, Plaintiffs K.B. and P.B. have fostered approximately twenty (20) children.  Plaintiffs have opened their home to many foster children so that displaced children can have a stable home.  K.B. and P.B. fostered most of these children through another organization located in Berks County, Pennsylvania.

38.    In May 2017, Plaintiffs, K.B. and P.B., registered with KidsPeace to foster children through said organization.

39.    In May 2017, Plaintiffs, K.B. and P.B., were contacted by their agency, Kidspeace, and Defendant Ruszkowski with the prospect of fostering a minor child, J.W.  Upon information and belief, Defendants Kidspeace and Ruszkowski, contacted Plaintiffs after hearing from SCCYS that an adolescent male in their custody, J.W., needed a foster home.  At the time,

J.W. (also referenced hereinafter as "foster child") was 11-years-old.  J.W. was the first foster

child Plaintiffs, K.B. and P.B., were approached to foster through SCCYS and KidsPeace.  K.B.

and P.B. were not looking to foster a child of this age, however, Plaintiffs were assured by

Defendants, Kidspeace and Ruszkowski, and later by Defendants, SCCYS and Hoke, that J.W.

acted younger than his biological age and that he posed no risk, sexual or otherwise, to Plaintiffs'

minor children, including minor Plaintiff, M.B.

40.      On or about May 18, 2017, Plaintiffs, K.B. and P.B., had a discussion with

KidsPeace, specifically Defendant Ruszkowski, to find out if J.W. had any history of sexual

abuse, molestation, or other behavioral incidents of any type which could be an issue for the

Plaintiffs' family, especially since Plaintiffs had minor children in the home.  Plaintiffs clearly

and unequivocally informed KidsPeace that they would not agree to foster a child with a history

of sexual assault, molestation or other concerning behavioral issues because they had two young

children living in their home.

41.      Defendants, KidsPeace and Ruszkowski expressed that J.W. had no history of

sexual assault, molestation or other concerning behaviors, and, upon information and belief, they

confirmed this with Defendants SCCYS and Hoke.  Plaintiffs were only informed that J.W. was

placed younger than his biological age because of his maturity level and that he had a minor

incident in his prior home.  More specifically, Plaintiffs were informed that J.W. was removed

from his prior foster home and sent to Lehigh Valley Hospital ("LVH") in Pottsville,

Pennsylvania because he had turned over a table in his prior home.  Nothing was said to the

Plaintiffs about any sexual or molestation issues or the reason why J.W. had turned over the

table.  From their fostering experience, Plaintiffs knew that many foster children had occasional

behavioral issues and they were equipped to address and deal with an occasional behavioral

issue, but K.B. and P.B. were adamant that they did not want to foster a child with a sexual or troubling history given their two minor children.

42.     On or about May 22, 2017, Plaintiffs, K.B. and P.B., met with J.W. at LVH.  At neither this visit nor prior to this date, did any of the Defendants identify a history of molestation or abuse with J.W.  Moreover, no hospital representative raised any red flags. Following this meeting and because of the representations of Defendants that J.W. was not a risk for their family, they agreed for J.W. to be placed in their home.  In fact, following this visit with J.W., Defendant Ruszkowski texted Plaintiff, K.B. writing "The poor kid has been through the ringer" but did not explain or provide further details.

43.     On or about May 25, 2017, J.W. was transported for placement into the Plaintiffs' home in Quakertown, Pennsylvania by Defendant Ruszkowski and Defendant Hoke.  At the time of J.W.'s arrival, and to make absolutely certain that there was no risk to her children, Plaintiff, K.B., inquired again to Defendants Hoke and Ruszkowski whether J.W. had ever been molested, had a sexual assault history with others or had other troubling or concerning behaviors.  SCCYS, Hoke, KidsPeace and Ruszkowski again categorically denied that J.W. had any sexual assault or molestation history or that he posed a risk to Plaintiffs or their minor children.

44.     During this May 25, 2017 conversation with Defendant Ruszkowski, Plaintiffs also requested a copy of J.W.'s service plan from SC, SCCYS and/or Kidspeace, but this request was not fulfilled.  Failure to provide a copy of J.W.'s service plan was in direct violation of the policies set forth in Pennsylvania Administrative Code Title 55, Chapter 3130 *et seq*.  More specifically, pursuant to 55 Pa. Code § 3130.67(a), Defendants SC, SCCYS and Hoke were required to prepare a service plan for the foster child.  Pursuant to 55 Pa. Code § 3130.67(b)(2)(vi), said service plan was required to include the child's known medical problems,

12

including identification of known physical, mental or emotional disabilities.  Such plan is to be

provided to the foster caregiver so that they can appropriately decide whether to accept the child.

Moreover, for children being served through a private agency, the county agency is required to

notify the private agency of their responsibility to provide the foster caregiver updated

information on children for whom they are providing care (*see* 55 Pa. Code § 3130.67(b)(5)).

Defendants SC, SCCYS and Hoke failed to provide Plaintiffs with J.W.'s service plan thereby

violating the aforementioned statute.

45.     At all times relevant hereto, Defendants KidsPeace, KidsPeace National Centers,

Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski were bound

by the policies set forth in Pennsylvania Administrative Code Title 55, Chapter 3680 *et seq*.

Pursuant to this statute, titled Administration and Operation of a Children and Youth Social

Service Agency, Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace

Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski were required to "establish and

ensure adherence to, written policies and procedures regarding the release of information

contained in client records."  Furthermore, pursuant to 55 Pa. Code § 3680.35(b)(i), information

contained in the client record shall be disclosed upon request to a child's parents or guardian.

Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey

O'Hara, Heather Moore, and Cori Ruszkowski failed to release J.W.'s records to Plaintiffs

despite their multiple requests thereby violating the aforementioned statute.

46.     At all times relevant hereto, Defendants, Schuylkill County, Schuylkill County

Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc.,

KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social

Services of the Diocese of Scranton, Inc. and Geneva Mathuse, were bound by the policies set

forth in Pennsylvania Administrative Code Title 55, Chapter 3700 *et seq.*  More specifically, pursuant to the Pennsylvania Foster Family Case Agency ("FFCA") 55 Pa. Code § 3700.38(c) and (d):

> (c) Foster families shall be provided information from the case records which is necessary to protect the child's health and safety and to assist in the child's successful accomplishment of necessary educational, developmental or remedial tasks;

> (d) Foster families shall be provided information from the case record which will enable them to function safely and in cooperation with the FFCA.

Defendants and/or Defendants' agents, servants, workmen and/or employees had a legal duty to act in accordance with the FFCA and provide J.W.'s case record to Plaintiffs.  Defendants and/or Defendants' agents, servants, workmen and/or employees violated this statute by failing to satisfy the requirements of the FFCA as they did not share J.W.'s file with Plaintiffs in any capacity.

47.     On or about May 26, 2017, Plaintiff, K.B., sent a text message to Defendant Ruszkowski advising her that J.W. had disclosed that he had previously been abused.  Plaintiff, K.B., asked Defendant Ruszkowski if she should disclose this information to Child Protective Services (CPS).  Defendant Ruszkowski advised she should "hold off calling it in," that she would report it to SCCYS and see how they want to proceed.  Defendant Ruszkowski then followed up with Plaintiff, K.B., advising that "CPS already has it in their system.  It has been investigated."  Despite CPS, and upon information and belief, SCCYS and Hoke, having knowledge of this prior abuse, this information was never previously disclosed to Plaintiffs.

48.     On or about May 30, 2017, J.W. was scheduled for a routine psychological evaluation.  Prior to his appointment, J.W. told Plaintiffs, K.B. and P.B., that he was "nervous"

for the evaluation because of how he left his last foster home because another boy tried to kiss him. This was the first time that the Plaintiffs had heard of such an issue at J.W.'s last home. When Plaintiffs relayed this information to Defendant Hoke, she "laughed" and said it was actually J.W. who asked the boy to kiss him. According to Defendant Hoke, when J.W. was approached about this incident at his last foster home, he acted violently, flipped a table and attempted to jump out of a window. Neither this incident nor any of this history was previously disclosed to K.B. and P.B. despite their asking Defendants, SCCYS, KidsPeace, Hoke and Ruszkowski, for this information. Plaintiffs then asked Defendant Ruszkowski from KidsPeace to recheck J.W.'s file for any mention of molestation or sexual history issues. At this time, Defendant Ruszkowski advised K.B. and P.B. that J.W.'s file included an incident at his last foster residence whereby J.W. asked a boy to have sex with him. The incident was assessed as a "non-threat" based on a prior psychological evaluation and was noted to be an "isolated incident". Again, this incident was not previously disclosed to Plaintiffs prior to J.W.'s placement in their home and the psychological evaluation which would have been part of J.W.'s service plan, was not provided to Plaintiffs as required by law. Had any of these incidents at J.W.'s prior foster resident been disclosed to K.B. and P.B. or had J.W.'s profile/service plan, which would have contained these facts, been provided to Plaintiffs as required by law, K.B. and P.B. would not have agreed to foster J.W. in their home given this background and his potential for abuse. Neither Defendants SC, SCCYS, KidsPeace, Moore, Ruszkowski or O'Hara, made any attempts or took any actions to remove J.W. from the Plaintiffs' home at this time.

49.     On or about June 5, 2017, Defendant O'Hara advised Plaintiffs, K.B. and P.B., that J.W. was actually not permitted to be placed in a home with his biological brothers because of an undisclosed incident. She specifically disclosed that J.W.'s biological brothers were

manipulated by J.W., telling his brothers "to do bad things" and their relationship with them was "not healthy." This fact was also not previously disclosed to K.B. and P.B. prior to J.W.'s placement in their home. The fact that J.W. was deemed unfit to be placed with his biological siblings was alarming and one that would have caused K.B. and P.B. to decline to foster J.W. had it been disclosed to them. Given these alarming new discoveries, Plaintiff, K.B., once again asked Defendants O'Hara and KidsPeace for J.W.'s psychological evaluation, which should have been produced as part of his service plan, given these alarming new discoveries, but no such evaluation was ever provided to her as required by law. Defendants SC, SCCYS, Hoke, KidsPeace and/or KidsPeace's agents and employees, Moore, Ruszkowski or O'Hara, continued to make no attempts or take any action to remove J.W. from the Plaintiffs' home.

50.    On or about June 11, 2017, J.W. told Plaintiffs, K.B. and P.B., that he was molested by a former foster mother. This fact was never previously disclosed to Plaintiffs and, in fact, Plaintiffs were told that J.W. was not previously molested. Again, had this fact been disclosed to Plaintiffs prior to J.W. being placed in their home, they would not have agreed to foster J.W. in their home.

51.    On or about June 15, 2017, Defendant Mathuse of CSS visited the Plaintiffs' home to meet with J.W. as CSS, upon information and belief, was contracted by SCCYS to find a permanent adoptive home for Schuylkill County children, such as J.W. During this visit, Defendant Mathuse informed Plaintiffs that she was surprised that J.W. was placed in their home given that J.W. was not to be placed in homes with younger children. This information was beyond troubling and not previously disclosed to Plaintiffs. Had it been disclosed, Plaintiffs would obviously not have agreed to foster J.W. in their home. Despite this proclamation from Defendant Mathuse, CSS' agent and employee, and her knowledge of J.W.'s history, Defendant

16

Mathuse nor CSS took any action to remove J.W. from the Plaintiffs' home or to seek his removal.  Upon information and belief, Defendant Mathuse did not remove J.W. personally nor did she contact SC, SCCYS, KidsPeace, the authorities or anyone to have J.W. immediately removed.

52.     Upon information and belief, the information disclosed by Defendant Mathuse that J.W. should not be in a home with minor children was included on paperwork in KidsPeace's Reading, Pennsylvania office.  However, upon information and belief, the paperwork at KidsPeace's Doylestown office, which was responsible for placing and overseeing J.W. with Plaintiffs, did not possess this same information.  Moreover, neither the KidsPeace Reading nor Doylestown paperwork was ever disclosed to Plaintiffs as required by law.

53.     On or about the evening of June 15, 2017, J.W. tried to kiss Plaintiff, P.B., on the mouth.

54.     On or about June 16, 2017, Plaintiff K.B., contacted KidsPeace to relay the latest information about the attempted kiss with Plaintiff, P.B.  KidsPeace, specifically Defendant O'Hara, responded by merely advising Plaintiffs to "discuss boundaries, what is appropriate and not appropriate behavior."  Despite this incident, Defendants KidsPeace, O'Hara, Moore and Ruszkowski made no attempt and took no action to remove J.W. from the Plaintiffs' home.

55.     On or about the evening of June 16, 2017, Plaintiffs and their family were having a family meeting about respecting others and what is and is not appropriate behavior.  During this meeting, minor Plaintiff, M.B., whispered into Plaintiff, P.B.'s, ear that she saw J.W. naked in her room.  M.B. then repeated this story to Plaintiff, K.B.  At this point, J.W. accused M.B. of lying and he began to scream hysterically and run around the home.

17

56.     Plaintiff, K.B., privately asked minor Plaintiff M.B. to explain how she had come to see J.W. naked in her room.   Minor Plaintiff, M.B., described to K.B. her account of what occurred to her, (hereinafter, "the incident"):

a.      On or about the evening of June 15, 2017 and possibly into the early hours of June 16, 2017, J.W. entered minor Plaintiff, M.B.'s, bedroom naked and removed her clothing while Plaintiffs, K.B. and P.B., were close by asleep in their bedroom;

b.      J.W. then proceeded to lay on top of minor Plaintiff, M.B., with his private parts resting against hers;

c.      J.W. then put his hands and mouth both on and in minor Plaintiff, M.B.'s, vagina;

d.      Minor Plaintiff, M.B., tried to scream but J.W. covered her mouth with his hand and pinched her until she stopped trying to yell;

e.      J.W. told minor Plaintiff, M.B., that she would be in trouble if she yelled or told anyone;

f.      J.W. then got minor Plaintiff, M.B., to touch his penis while trying to kiss her and stick his tongue in her mouth.  M.B. told her mom that she had to keep her eyes closed as she was so scared and is not supposed to see others naked; and

g.      Minor Plaintiff, M.B., also informed Plaintiffs, K.B. and P.B., that at some other point in time J.W. tried to put a toy car in her vagina.

57.     Immediately upon hearing this incident, Plaintiff, K.B., called KidsPeace's emergency line to have J.W. removed from their home.  Defendant O'Hara and another KidsPeace colleague, Christina Phillips, came to the Plaintiffs' home to remove J.W.

58.     As a direct and proximate result of the incident described herein, minor Plaintiff, M.B., had to undergo an invasive forensic rape examination and extensive questioning by police.

59.     As a direct and proximate result of the negligent, reckless, deliberately indifferent, intentional and wanton conduct of all Defendants, jointly and severally, as more fully set forth in the counts below, Plaintiffs and minor Plaintiff, M.B. suffered harm including, but not limited to, the following:

a. Sexual assault, with its attendant physical and mental signs, symptoms, and sequalae;

b. Anxiety;

c. Mental anguish;

d. Post-traumatic stress disorder;

e. Past and future physical pain and suffering;

f. Past and future mental pain and suffering;

g. Past and future loss of life's pleasures;

h. Past and future humiliation;

i. Past and future medical expenses;

j. Past and future psychological counseling;

k. Past and future embarrassment;

l. Future loss earnings; and

m. Such other injuries which will be set forth as this lawsuit continues.

19

60.     The incident as described herein was caused by the actions and/or inactions of the Defendants.

## COUNT I

**DEPRIVATION OF RIGHTS PURSUANT TO
THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

**PLAINTIFFS V. ALL DEFENDANTS**

61.     Plaintiffs incorporate by reference paragraphs 1-60 of this Complaint, as though the same were fully set forth at length.

62.     At all times relevant hereto, Defendants were "persons" within the meaning of 42 U.S.C. § 1983.

63.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of Defendants that resulted in the injuries suffered by Plaintiffs.

64.     At all times relevant hereto, Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse were acting "under color of state law" pursuant to 42 U.S.C. § 1983 by providing foster care placement and oversight services either directly, by delegated authority or via contractual authority.

65.     Defendants' constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8451, *et seq.*, or 42 Pa.C.S. § 8521, *et seq.*

66.     The specific harms to which Defendants exposed Plaintiffs and minor Plaintiff, M.B., were foreseeable and direct in that they were aware that placing a large, 11-year old boy

with a known sexual history that should not be in the company of minors, would result in harm

to minor Plaintiff, M.B.

67.     At all times material hereto, Defendants, SC, SCCYS and Marcia Hoke were

bound by various Pennsylvania statutes as well, upon information and belief, its own policies,

rules and regulations for the management of foster children and their placement into a foster

home.

68.     In direct contravention and in violation of those Pennsylvania statutes as set forth

above, (55 Pa. Code §§ 3130 *et seq.* and 3700 *et seq.*) and, upon information and belief, in

violation of Defendants', SC, SCCYS and Marcia Hoke own rules, regulations and policies,

Defendants, SC, SCCYS and Marcia Hoke, recklessly and willfully placed J.W. into the

Plaintiffs' home without providing Plaintiffs with the information contained in J.W.'s records

and even though the harm to Plaintiffs, including minor Plaintiff, M.B., was foreseeable.

69.     At all times material hereto and upon information and belief, Defendants,

KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather

Moore, Cori Ruszkowski, were bound by various Pennsylvania statutes and its own internal

policies, rules and regulations for management of foster children and their placement into a

foster home.

70.     In direct contravention and in violation of those Pennsylvania statutes as set forth

above, (55 Pa. Code §§ 3680 *et seq.* and 3700 *et seq.*) and, upon information and belief, in

violation of Defendants', KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation,

Kelsey O'Hara, Heather Moore, Cori Ruszkowski own rules, regulations and policies,

Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey

O'Hara, Heather Moore, Cori Ruszkowski, recklessly and willfully placed J.W. into the

Plaintiffs' home without providing Plaintiffs with the information contained in J.W.'s records and even though the harm to Plaintiffs, including minor Plaintiff, M.B. was foreseeable.

71.     At all times material hereto and upon information and belief, Defendants, CSS and Geneva Mathuse, adopted and enforced rules, regulations and policies for their management and supervision of children available for adoption that they were seeking to place into a permanent home.

72.     In direct contravention and, upon information and belief, in violation of Defendants', CSS and Geneva Mathuse own rules, regulations and policies, Defendants, CSS and Geneva Mathuse, recklessly and willfully took no actions to remove J.W. from Plaintiffs' home despite their knowledge that he should not be in a home with young children and the foreseeable harm that would occur to Plaintiffs, including minor Plaintiff, M.B.

73.     At all times relevant hereto, Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse were acting "under color of state law" for purposes of 42 U.S.C. § 1983 by providing foster care placement, oversight and/or permanent placement services to Plaintiffs as set forth above.

74.     At all times relevant hereto, a "special relationship" existed between Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, and Plaintiffs.

75.     Upon information and belief, a "special relationship" existed between Plaintiffs and the aforesaid Defendants for purposes of 42 U.S.C. § 1983, as minor J.W. was placed in their care that was custodial in nature and resulted in the deprivation of Plaintiffs' liberty, privacy and bodily interests.

76.     Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse while acting under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference to the Plaintiffs' rights, violated 42 U.S.C. § 1983 and deprived Plaintiffs of their rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution, similar provisions of the Pennsylvania Constitution, Federal Law, State Law and/or local law in that these Defendants without lawful basis caused the aforementioned injuries and damages to Plaintiffs and the minor Plaintiff as described in this Civil Action Complaint, in violation of their aforesaid guaranteed rights as follows and upon information and belief:

   a.  Failing to disclose facts necessary in order for Plaintiffs to make an informed decision of whether to accept J.W. into their home;

   b.  Failing to adhere to accepted standards for good and reasonable foster care placement;

   c.  Negligently, carelessly and recklessly placing J.W. in Plaintiffs' home when they knew or should have known of his serious molestation propensities and dangers to others, particularly minor Plaintiff, M.B.;

23

d.  Failing to properly notify, advise, and inform the Plaintiffs of J.W.'s serious molestation and sexual behavioral history that caused him to molest others, particularly the minor Plaintiff, M.B. as required by Pennsylvania law and their own policies;

e.  Failing to properly notify, advise and inform the Plaintiffs of J.W.'s past, psychological issues, molestation and sexual behavioral history as required by Pennsylvania law and their own policies;

f.  Failing to properly notify, advise and inform the Plaintiffs of J.W.'s violent and molestation propensities that caused him to be a danger to others and particularly the minor Plaintiff, M.B. as required by Pennsylvania law and their own policies;

g.  Failing to remove J.W. from Plaintiffs' home after concerning events were raised by Plaintiffs;

h.  Failing to remove J.W. from Plaintiffs' home even though he posed a risk to Plaintiffs, and specifically, to minor Plaintiff, M.B.;

i.  Failing to exercise reasonable care with respect to J.W.'s foster care placement in the Plaintiffs' home;

j.  Failure to have adequate screening and policies to ensure proper placement of foster children in a foster home, like the Plaintiffs;

k.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to minor J.W. with known psychological issues, molestation and sexual behavioral history who sexually assaulted her;

l.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to sexual assault;

m.  Failing to train and supervise their employees and agents which allowed for the improper placement of J.W. in Plaintiffs' home;

n.  Failing to adequately protect minor Plaintiff, M.B., from sexual assault at the hands of minor J.W. with a known history of molestation and sexual behavioral issues;

o.  Failing to remove J.W. from Plaintiffs' home despite awareness that he should not be with younger children;

p.  Failure to enforce codes, regulations and policies with respect to removal of foster children from a foster home;

q.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

r.  Failure to enforce adequate screening and policies to ensure safe and suitable placement of foster children in a foster home, like the Plaintiffs;

s.  Failing to provide Plaintiffs with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania law and their own policies; and

t.  Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Plaintiffs' rights that shall be revealed through discovery prior to trial.

77.  Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, aforesaid conduct, initiated under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference violated 42 U.S.C. § 1983 and deprived Plaintiffs of their rights as guaranteed under

25

the Fourth, and/or Fourteenth Amendments to U.S. Constitution, similar provisions of the

Pennsylvania Constitution, Federal Law, State Law, and/or local law without lawful basis, thus

causing injuries and damages to Plaintiffs and minor Plaintiff as aforesaid.

78.     Reasonable entities, governmental, profit or non-profit, knew or should have

known that placement of a child with a serious molestation and sexual behavioral and troubled

history, like J.W, in a foster home is a clear and deliberate indifference to Plaintiffs, K.B. and

P.B., and minor Plaintiff, M.B.

79.     As the facts set forth above demonstrate, all Defendants knew or should have

known that the placement of a child with J.W.'s molestation and sexual and behavioral history

carried a substantial risk of serious harm to Plaintiffs, K.B. and P.B., and minor Plaintiff, M.B.

and established a deliberate indifference on their behalf.  Further, Defendant' failure to remove

J.W. from the Plaintiffs' home after placement but before this incident occurred also established

deliberate indifference on their behalf.

80.     By reason of the aforesaid actions and inactions of Defendants, Schuylkill

County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace

National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori

Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, and

as a direct and proximate result thereof, Plaintiffs have incurred medical expenses, were caused

to suffer severe psychological injuries, and suffered severe pain and suffering.

WHEREFORE, Plaintiffs demand judgment against Defendants Schuylkill County,

Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National

Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski,

Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually,

jointly, and/or jointly and severely for compensatory and punitive damages in an amount in

excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of

suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT II

### DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS
### ACT OF 1871, 42 U.S.C. § 1983 BY VIRTUE OF STATE CREATED DANGER

### PLAINTIFFS V. ALL DEFENDANTS

81.     Plaintiffs incorporate by reference paragraphs 1-80 of this Complaint, as though

the same were fully set forth at length.

82.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges

the constitutionality of the actions of Defendants that resulted in the injuries suffered by

Plaintiffs.

83.     At all times relevant hereto, Defendants, Schuylkill County, Schuylkill County

Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc.,

KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social

Services of the Diocese of Scranton, Inc. and Geneva Mathuse, were all "persons" pursuant to 42

U.S.C. § 1983 by providing foster care placement and oversight services either directly, by

delegated authority or via contractual authority.

84.     Defendants' constitutional torts are not governed or limited in any way by 42

Pa.C.S. § 8541, *et seq*. or 42 Pa.C.S. § 8521, *et seq*.

85.     The specific harms to which Defendants exposed Plaintiffs and minor Plaintiff,

M.B., were foreseeable and direct in that they were aware that by placing a large, 11-year old

boy with a known sexual history who should not be in the company of minors, would result in

harm to minor Plaintiff, M.B.

86.     At all times material hereto, Defendants, SC, SCCYS and Marcia Hoke were bound by various Pennsylvania statutes as well, upon information and belief, its own policies, rules and regulations for the management and oversight of foster children and their placement into a foster home.

87.     In direct contravention and violation of those Pennsylvania statutes as set forth above (55 Pa. Code §§ 3130 *et seq.* and 3700 *et seq.*) and, upon information and belief, in violation of Defendants', SC, SCCYS and Marcia Hoke, own rules, regulations and policies, Defendants, SC, SCCYS and Marcia Hoke, recklessly, willfully and with deliberate indifference placed J.W. into the Plaintiffs' home without providing Plaintiffs the required information contained in J.W.'s records and even though the harm to Plaintiffs, including minor Plaintiff, M.B., was foreseeable.

88.     At all times material hereto, Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, adopted and were supposed to adhere to its own rules and regulations for management and oversight of foster children and their placement into a foster home.  Defendants, , KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, were also bound by various Pennsylvania statutes with respect to the management and oversight of foster children.

89.     In direct contravention and violation of those Pennsylvania statutes as set forth above, (55 Pa. Code §§ 3680 *et seq.* and 3700 *et seq.*), and, upon information and belief, in violation of  Defendants', KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski own rules, regulations and policies, Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey

O'Hara, Heather Moore, Cori Ruszkowski, recklessly, willfully and with deliberate indifference placed J.W. into the Plaintiffs' home without providing Plaintiffs the information contained in J.W.'s records and even though the harm to Plaintiffs, including minor Plaintiff, M.B., was foreseeable.

90.     At all times material hereto and upon information and belief, Defendants, CSS and Geneva Mathuse, adopted and enforced rules, regulations and policies for management and supervision of children available for adoption that they were seeking to place into a permanent home.

91.     Upon information and belief, in direct contravention and in violation of Defendants', CSS and Geneva Mathuse own rules, regulations and policies, Defendants, CSS and Geneva Mathuse, recklessly and willfully took no actions to remove J.W. from Plaintiffs' home despite their knowledge that he should not be in a home with young children and the foreseeable harm that would occur to Plaintiffs, including minor Plaintiff, M.B.

92.     At all times relevant hereto, Defendants Schuylkill County, Schuylkill County Children & Youth Services, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse were acting "under color of state law" for purposes of 42 U.S.C. § 1983 by providing foster care placement, oversight and/or permanent placement services to Plaintiffs as set forth above.

93.     Defendants Schuylkill County, Schuylkill County Children & Youth Services, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse while acting under color of state law, unlawfully, and/or intentionally, unreasonably,

29

willfully, maliciously, and/or with deliberate and/or reckless indifference to Plaintiffs' rights,
violated 42 U.S.C. § 1983 and deprived Plaintiffs of their rights as guaranteed under the Fourth
and/or Fourteenth Amendments to the United States Constitution, similar provisions of the
Pennsylvania Constitution, Federal Law, State Law, and/or local law in that these Defendants,
without lawful basis, caused the aforementioned injuries and damages to Plaintiffs and minor
Plaintiff, M.B., by creating the danger to which minor Plaintiff was exposed, in violation of her
aforesaid guaranteed rights as follows upon information and belief:

a.  Failing to disclose facts necessary in order for Plaintiffs to make an informed decision
    of whether to accept J.W. into their home;

b.  Failing to adhere to accepted standards for good and reasonable foster care
    placement;

c.  Negligently, carelessly and recklessly placing J.W. in Plaintiffs' home when they
    knew or should have known of his serious molestation propensities and dangers to
    others, particularly minor Plaintiff, M.B.;

d.  Failing to properly notify, advise, and inform the Plaintiffs of J.W.'s serious
    molestation and sexual behavioral history that caused him to molest others,
    particularly the minor Plaintiff, M.B. as required by Pennsylvania law and their own
    policies;

e.  Failing to properly notify, advise and inform the Plaintiffs of J.W.'s past,
    psychological issues, molestation and sexual behavioral history as required by
    Pennsylvania law and their own policies;

f.  Failing to properly notify, advise and inform the Plaintiffs of J.W.'s violent propensities that caused him to be a danger to others and particularly the minor Plaintiff, M.B. as required by Pennsylvania law and their own policies;

g.  Failing to remove J.W. from Plaintiffs' home after concerning events were raised by Plaintiffs;

h.  Failing to remove J.W. from Plaintiffs' home even though he posed a risk to Plaintiffs, and specifically, to minor Plaintiff, M.B.;

i.  Failing to exercise reasonable care with respect to J.W.'s foster care placement in the Plaintiffs' home;

j.  Failure to have adequate screening and policies to ensure proper placement of foster children in a foster home, like the Plaintiffs;

k.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to minor J.W. with known psychological issues, molestation and sexual behavioral history and other troubling behavior who then sexually assaulted her;

l.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to sexual assault;

m.  Failing to train and supervise their employees and agents which allowed for the negligent placement of J.W. in Plaintiffs' home;

n.  Failing to adequately protect minor Plaintiff, M.B., from sexual assault at the hands of J.W. with a known history of molestation, sexual behavioral and other behavioral issues;

o.  Failing to remove J.W. from Plaintiffs' home;

p.  Failing to remove J.W. from Plaintiffs' home despite awareness that he should not be with younger children;

q.  Failure to enforce codes, regulations and policies with respect to removal of foster children from a foster home;

r.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

s.  Failure to enforce adequate screening and policies to ensure safe and suitable placement of foster children in a foster home, like the Plaintiffs;

t.  Failing to provide Plaintiffs with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania law and their own policies; and

u.  Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Plaintiffs' rights that shall be revealed through discovery prior to trial.

94.    The danger created by Defendants as aforesaid was foreseeable and fairly direct.

95.    Defendants' willful placement of a child with a sexual and troubling behavioral history into a home with minor children created a degree of culpability that shocks the conscience.

96.    Defendants' willful failure to remove J.W. from the home after the reckless placement and despite knowledge that he should not be with minor children created a degree of culpability that shocks the conscience.

97.    In creating the danger as set forth above, Defendants acted in willful disregard for the safety of Plaintiffs.

98.     A relationship existed between Plaintiffs and the Defendants as set forth above, such that minor Plaintiff, M.B., was a foreseeable victim of the Defendants' actions and/or inactions as described above.

99.     In creating the danger as set forth above, Defendants, by virtue of their authority, placed Plaintiffs in a dangerous position that was foreseeable.

100.     Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse aforesaid conduct, initiated under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference violated 42 U.S.C. § 1983 and deprived Plaintiffs of their rights as guaranteed under the Fourth, and/or Fourteenth Amendments to the United States Constitution, similar provisions of the Pennsylvania Constitution, Federal Law, State Law, and/or local law without lawful basis, thus causing injuries and damages to Plaintiffs and minor Plaintiff, M.B., as aforesaid.

101.     Reasonable entities, governmental, profit or non-profit, knew or should have known that placement of a child with a serious molestation, sexual and troubling behavioral history, like J.W, in a foster home with minor children is a clear and deliberate indifference to Plaintiffs, K.B. and P.B., and minor Plaintiff, M.B.

102.     As the facts set forth above demonstrate, all Defendants knew or should have known that the placement of J.W. with a serious sexual and troubling behavioral history and then the failure to remove him before this incident occurred carried a substantial risk of serious harm to Plaintiffs, K.B. and P.B., and minor Plaintiff, M.B. and established a deliberate indifference on their behalf.

103.     By reason of the aforesaid actions and inactions of the Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marica Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, and as a direct and proximate result thereof, minor Plaintiff, M.B., suffered forcible sexual assault, and now suffers from permanent psychological injuries and special damages.  Plaintiffs also sustained injuries and damages as a result of the described incident.

WHEREFORE, Plaintiffs demand judgment against Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severally, for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT III

## NEGLIGENCE

**PLAINTIFFS V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC., AND GENEVA MATHUSE**

104.     Plaintiffs incorporate by reference paragraphs 1-103 of this Complaint, as though the same were fully set forth at length.

105.     At all times relevant hereto, Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social

Services of the Diocese of Scranton, Inc. and Geneva Mathuse had a duty to act reasonably under the circumstances so as to prevent and/or minimize any harm to Plaintiffs.

106.    Upon information and belief, Defendants were grossly negligent and did not act reasonably under the circumstances.  The losses, injuries and damages sustained by the Plaintiffs, as set forth herein, resulted directly and proximately from the negligent, careless and reckless conduct of Defendants and/or Defendants' agents, servants, workmen, and/or employees, who were negligent, careless and reckless in the following manner:

      a.   Failing to make reasonable efforts to gather and disclose facts necessary to give the Plaintiffs an informed basis for deciding whether to accept J.W. into their home;

      b.   Failing to exercise ordinary care and/or the degree of care required by accepted standards for good and reasonable foster care placement;

      c.   Failure to have adequate screening and policies to ensure proper placement of foster children in a foster home, like the Plaintiffs.

      d.   Negligently placing J.W. in Plaintiffs' home when they knew or should have known of his serious psychological and molestation propensities to others, particularly minor Plaintiff, M.B.;

      e. Failing to properly notify and inform the Plaintiffs of J.W.'s serious psychological conditions that caused him to be a danger to others, particularly the minor Plaintiff, M.B.;

      f.   Failing to properly advise, inform and notify the Plaintiffs of the J.W.'s past molestation, sexual and other troubling behavioral history as required by Pennsylvania law and their own policies;

g.  Failing to properly advise, inform and notify the Plaintiffs of J.W.'s violent and molestation propensities that caused him to be a danger to others and particularly minor Plaintiff, M.B. as required by Pennsylvania law and their own policies;

h.  Failing to exercise due care by not properly monitoring and supervising J.W., when they knew or should have known of J.W.'s potential danger to others;

i.  Failing to exercise reasonable care with respect to the handling of J.W.'s case;

j.  Failing to train and supervise their employees and agents which allowed for the improper placement of J.W. in Plaintiffs' home;

k.  Failing to remove J.W. from the Plaintiffs' home after his negligent placement;

l.  Failing to remove J.W. from Plaintiffs' home even though he posed a risk to Plaintiffs, and specifically, to minor Plaintiff, M.B.;

m.  Failure to abide by Pennsylvania's statutes, codes and regulations for the proper placement and oversight of foster children into a foster home;

n.  Failure to enforce policies with respect to removal of foster children from a foster home;

o.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

p.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to minor J.W. with known psychological issues, molestation and sexual behavioral history who then sexually assaulted her;

q.  Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to sexual assault;

36

r.   Failure to enforce adequate screening and policies to ensure good placement of

foster children in a foster home, like the Plaintiffs;

s.   Failing to remove J.W. from the Plaintiffs' home after concerning events were

raised by Plaintiffs;

t.   Failing to remove J.W. from Plaintiffs' home despite awareness that he should not

be with younger children;

u.   Failure to take any action to seek the removal of J.W. from Plaintiffs' home

despite awareness that he should not be with younger children;

v.   Failing to provide Plaintiffs with J.W.'s profile or service plan and other relevant

paperwork as required by Pennsylvania law and their own policies;

w.   Failing to adhere to Pennsylvania law for placement and oversight of foster

children in a foster home; and

x.   Such other deliberately indifferent, reckless, and willful and wonton conduct

resulting in the violation of Plaintiffs' rights that shall be revealed through discovery

prior to trial.

107.   As a direct and proximate result of the aforesaid actions and/or inactions of

Defendants, Schuylkill County, Schuylkill County Children & Youth Services, KidsPeace,

KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori

Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, and

as a direct and proximate result thereof, Plaintiffs and minor Plaintiff, M.B., have incurred

medical expenses, were caused to suffer severe psychological injuries and suffered severe pain

and suffering.

WHEREFORE, Plaintiffs, demand judgment against Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

### PLAINTIFFS V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI

108.    Plaintiffs incorporate by reference paragraphs 1-107 of this Complaint, as though the same were fully set forth at length.

109.    At all times relevant hereto, Defendants and/or Defendants' agents, servants, workmen, and/or employees had a legal duty to disclose to the Plaintiffs all of the facts regarding J.W.'s psychological condition, traumatic past and molestation propensities.

110.    Upon information and belief, prior to placing J.W. in the Plaintiffs' home, the Defendants and/or Defendants' agents, servants, workmen, and/or employees knew or should have known of J.W.'s psychological condition, traumatic past, molestation propensities and troubling behaviors and failed to disclose the same to Plaintiffs before placing J.W. in their home as a foster child.

111.    Plaintiffs' reliance on Defendants' and/or Defendants' agents, servants, workmen, and/or employees misrepresentations and omissions was reasonable because said representations were made by individuals and entities in a position to know the true facts.

112.    The negligence, carelessness, recklessness, wanton, willful and other liability producing conduct of the Defendants and/or Defendants' agents, servants, workmen, and/or employees, directly and proximately caused Plaintiffs, including minor Plaintiff, M.B., to suffer severe psychological injuries and pain and suffering.

113.    The negligent, careless, reckless, wanton, willful and other liability producing conduct of the Defendants and/or Defendants' agents, servants, workmen, and/or employees, directly and proximately caused Plaintiffs to have expended various sums of money for medical care and treatment.

WHEREFORE, Plaintiffs demand judgment against Defendants Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT V

## NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES

**PLAINTIFFS V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC., AND GENEVA MATHUSE**

114.   Plaintiffs incorporate by reference paragraphs 1-113 of this Complaint, as though the same were fully set forth at length.

115.   At all relevant times, Defendants owed a duty to exercise a reasonable degree of care to Plaintiffs when working with and overseeing the placement and continued supervision of a foster child in their home.

116.   Defendants undertook the duty to fully inform Plaintiffs of J.W.'s background, life history, psychological and medical history before placement in their home.

117.   Defendants also undertook the duty to continue to work with Plaintiffs and oversee and monitor J.W. after placement in the Plaintiffs' home.

118.   Defendants breached the above duties owed to Plaintiffs. The negligence of Defendants and/or Defendants' agents, servants, workmen, and/or employees directly and proximately caused Plaintiffs' injuries as set forth herein by way of the following:

   a.   Failing to make reasonable efforts to gather and disclose facts necessary to give the Plaintiffs an informed basis for deciding whether to accept J.W. into their home;

   b.   Failing to exercise ordinary care and/or the degree of care required by accepted standards for good and reasonable foster care placement;

   c.   Failure to follow policies to ensure proper placement of foster children in a foster home or failure to have adequate screening and policies to ensure proper placement of foster children in a foster home, like the Plaintiffs;

   d.   Negligently placing J.W. in Plaintiffs' home when they knew or should have known of his serious psychological and molestation propensities to others, particularly minor Plaintiff, M.B.;

40

e. Failing to properly notify and inform the Plaintiffs of J.W.'s serious psychological condition that caused him to be a danger to others, particularly the minor Plaintiff, M.B.;

f.   Failing to properly advise, inform and notify the Plaintiffs of the J.W.'s past molestation and sexual behavioral history;

g.   Failing to properly advise, inform and notify the Plaintiffs of the foster child's violent and molestation propensities that caused him to be a danger to others and particularly minor Plaintiff, M.B.;

h.   Failing to exercise due care by not properly monitoring and supervising J.W., when they knew or should have known of J.W.'s potential danger to others;

i.   Failing to exercise reasonable care with respect to handling of J.W.'s case;

j.   Failing to train and supervise their employees and agents which allowed for the improper placement of J.W. in Plaintiffs' home;

k.   Failing to remove J.W. from the Plaintiffs' home after his negligent and reckless placement;

l.   Failing to remove J.W. from Plaintiffs' home even though he posed a risk to Plaintiffs, and specifically, to minor Plaintiff, M.B.;

m. Failure to enforce policies with respect to removal of foster children from a foster home;

n.   Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

o.   Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to minor J.W. with known psychological issues, molestation and sexual behavioral history who sexually assaulted her;

p.   Permitting and/or otherwise causing the minor Plaintiff, M.B., to be exposed to sexual assault;

q.   Failure to enforce adequate screening and policies to ensure good placement of foster children in a foster home, like the Plaintiffs;

r.   Failing to remove J.W. from the Plaintiffs' home after concerning events were raised by Plaintiffs;

s.   Failing to remove J.W. from Plaintiffs' home despite awareness that he should not be with younger children;

t.   Failure to take any action to call for removal of J.W. from Plaintiffs' home despite awareness that he should not be with younger children;

u.   Failing to provide Plaintiffs with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania law and their own policies;

v.   Failing to adhere to Pennsylvania law for placement and oversight of foster children in a foster home; and

w.   Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Plaintiffs' rights that shall be revealed through discovery prior to trial.

119.   The harm suffered by Plaintiffs was a direct and proximate result of their reliance on Defendants to provide all information known or that they should have known regarding J.W.'s background, life history, psychological and medical history.

42

120.    Harm was also directly and proximately caused by Defendants' failure to remove J.W. from the home following his improper placement.

121.    Defendants are liable to Plaintiffs pursuant to §§ 323 and 324A of the Restatement (Second) of Torts. As a direct and proximate result of Defendants' negligent, careless and reckless acts and omissions and Plaintiffs' reliance on same, Plaintiffs suffered injuries as set forth above.

WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT VI

### NEGLIGENCE PER SE: VIOLATION OF PENNSYLVANIA FOSTER FAMILY CARE AGENCY STATUTE 55 Pa. Code § 3700, *et seq.*

### PLAINTIFFS V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC., AND GENEVA MATHUSE

122.    Plaintiffs incorporate by reference paragraphs 1-121 of this Complaint, as though the same were fully set forth at length.

123.    Pursuant to the Pennsylvania Foster Family Case Agency ("FFCA") 55 Pa. Code § 3700.38(c) and (d):

(e) Foster families shall be provided information from the case records which is necessary to protect the child's health and safety and to assist in the child's successful accomplishment of necessary educational, developmental or remedial tasks;

(f) Foster families shall be provided information from the case record which will enable them to function safely and in cooperation with the FFCA.

124.    Pursuant to this Pennsylvania statute, Defendants and/or Defendants' agents, servants, workmen and/or employees had a legal duty to act in accordance with the FFCA.

125.    Defendants and/or Defendants' agents, servants, workmen and/or employees breached their legal duty by failing to satisfy the requirements of the FFCA as they did not share the information in J.W.'s file regarding any of the following:

    a.    The incident at J.W.'s prior foster home wherein he tried to kiss another boy;

    b.    Any information regarding prior molestation on J.W. by a prior foster parent;

    c.    The fact that J.W. was not to be placed in a foster home with other children;

    d.    The incident where J.W. asked another boy to have sex;

    e.    The fact that J.W. was not allowed to remain in the same home as his biological brothers; and

    f.    Any other information resulting in violation of Plaintiffs' rights that may be revealed through discovery.

126.    Conversely, Defendants denied any prior psychological, molestation or sexual behavioral issues and only represented that J.W. was a good fit for their home.

127.    Plaintiffs relied on Defendants and/or Defendants' agents, servants, workmen and/or employees representation that J.W. was a good fit for their home and family, and they suffered damages as a result of this reliance.

128.    Had Plaintiffs been adequately informed of J.W.'s background, life history, psychological and medical history, they would not have agreed to foster J.W. in their home.

44

129.     As a direct and proximate result of Defendants violations of FFCA, Plaintiffs and

minor Plaintiff, M.B., have suffered severe psychological injuries and pain and suffering and

have been caused to expend various sums of money for medical care and treatment.

WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County,

Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National

Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski,

Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually,

jointly, and/or jointly and severely for compensatory and punitive damages in an amount in

excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of

suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT VII

**NEGLIGENCE PER SE: VIOLATION OF ADMINISTRATION AND OPERATION OF
A CHILDREN AND YOURH SOCIAL SERVICE AGENCY
55 Pa. Code § 3680, *et seq.***

**PLAINTIFFS V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS,
INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI
RUSZKOWSKI**

130.     Plaintiffs incorporate by reference paragraphs 1-129 of this Complaint, as though

the same were fully set forth at length.

131.     Pursuant to the statute titled Administration and Operation of a Children and

Youth Social Service Agency, 55 Pa. Code § 3680.1(a) and (b)(1):

(a) …This section applies to the administration of an agency, whether public or private,
for profit or not-for-profit, which provide social services…;

(b) Social services provided for a child by any agency subject to this chapter include the
following:

(1) Foster family care.

132.     Pursuant to the Administration and Operation of a Children and Youth Social Service Agency 55 Pa. Code § 3680.35(a), the "entity shall establish and ensure adherence to, written policies and procedures regarding the release of information contained in client records." Furthermore, pursuant to 55 Pa. Code § 3680.35(b)(i) information contained in the client record shall be disclosed upon request to a child's parents or guardian.

133.     Pursuant to this Pennsylvania statute, Defendants Kidspeace, Kidspeace National Centers, Inc., KidsPeace Corporation, O'Hara, Moore and Ruszkowski had a legal duty to act in accordance with the Administration and Operation of a Children and Youth Social Service Agency.

134.     Defendants Kidspeace, Kidspeace National Centers, Inc., KidsPeace Corporation, their agents, servants, workmen and/or employees and Defendants O'Hara, Moore and Ruszkowski breached their legal duty by failing to satisfy the requirements of the Administration and Operation of a Children and Youth Social Service Agency as they did not disclose J.W.'s records, after request, which upon information and belief should have included any of the following:

   a.   The incident at J.W.'s prior foster home wherein he tried to kiss another boy;

   b.   Any information regarding prior molestation on J.W. by a prior foster parent;

   c.   The fact that J.W. was not to be placed in a foster home with other children;

   d.   The incident where J.W. asked another boy to have sex;

   e.   The fact that J.W. was not allowed to remain in the same home as his biological brothers; and

   f.   Any other information resulting in violation of Plaintiffs' rights that may be revealed through discovery.

46

135.    Conversely, Defendants Kidspeace, Kidspeace National Centers, Inc., KidsPeace Corporation, their agents, servants, workmen and/or employees and Defendants O'Hara, Moore and Ruszkowski denied any prior psychological, molestation or sexual behavioral issues, never provided his client record, and only represented that J.W. was a good fit for their home.

136.    Plaintiffs relied on Defendants Kidspeace, Kidspeace National Centers, Inc., KidsPeace Corporation, their agents, servants, workmen and/or employees and Defendants O'Hara, Moore and Ruszkowski representation that J.W. was a good fit for their home and family, and they suffered damages as a result of this reliance.

137.    Had Plaintiffs been adequately informed of J.W.'s background, life history, psychological and medical history, they would not have agreed to foster J.W. in their home.

138.    As a direct and proximate result of Defendants' violations of the Administration and Operation of a Children and Youth Social Service Agency, Plaintiffs have suffered severe psychological injuries and pain and suffering and have been caused to expend various sums of money for medical care and treatment.

WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT VIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## PLAINTIFFS, K.B. AND P.B. V. ALL DEFENDANTS

139.    Plaintiffs incorporate by reference paragraphs 1-138 of this Complaint, as though the same were fully set forth at length.

140.    At all times relevant hereto, Defendants and/or Defendants' agents, servants, workmen, and/or employees owed a duty to refrain from engaging in the careless, negligent and reckless conduct as previously described that would cause Plaintiffs, K.B. and P.B., emotional distress.

141.    As a direct and proximate result of Defendants and/or Defendants' agents, servants, workmen, and/or employees negligent and careless conduct as described above, Plaintiffs, K.B. and P.B., suffered great and unnecessary mental anguish and suffering.

142.    As alleged above, at the precise moment of sexual assault on minor Plaintiff, M.B., Plaintiffs, K.B. and P.B., were located in the same family home just feet away when the incident took place.  Plaintiffs endured an emotional shock that was immediate and direct, rather than distant and indirect from this incident.

143.    Plaintiffs', K.B. and P.B., shock resulted from a direct emotional impact caused by their sensing that something was horribly wrong when minor Plaintiff, M.B., told her parents that she had seen J.W. naked in her bedroom, when they knew that minor Plaintiff, M.B. should not have seen J.W. naked at any time.

144.    Furthermore, prior to the incident, Plaintiffs were provided no information from others about what occurred that could have buffered the shock they experienced.

145.    Plaintiffs immediately knew that something was wrong and experienced such an extreme degree of emotional distress because minor Plaintiff, M.B., is their daughter, not merely a stranger or distant relative.

146.   As a direct and proximate result of Defendants and/or Defendants' agents, servants, workmen, and/or employees negligent, careless and reckless conduct causing injury and harm to minor Plaintiff, M.B., Plaintiffs, K.B. and P.B., have suffered physical manifestations of severe mental anguish, severe emotional distress, and anxiety which they continue to suffer and will continue to suffer for an indefinite time into the future.

147.   The above acts and omissions on the part of the Defendants and/or Defendants' agents, servants, workmen, and/or employees were careless, negligent and reckless and increased the risk of harm and injuries suffered by Plaintiffs.

148.   At all times relevant, it was reasonably foreseeable that Plaintiffs, K.B. and P.B., would suffer emotional distress due to the traumatic assault to minor Plaintiff, M.B., as a result of their relationship with her, the proximity to her when the assault took place, and the shock that Plaintiffs, K.B. and P.B., experienced from the direction emotional impact of finding out minor Plaintiff, M.B., was sexually assaulted by J.W.

WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT IX

## NEGLIGENCE

**K.B. and P.B.  V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER**

**MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC., AND GENEVA MATHUSE**

149.    Plaintiffs incorporate by reference paragraphs 1-148 of this Complaint, as though the same were fully set forth at length.

150.    As a result of the aforesaid gross negligence of Defendants, parents and natural guardian Plaintiffs, K.B. and P.B., have suffered the following damages:

a.    Loss of services to age 18 (not filial consortium);

b.    Past medical expenses;

c.    Future medical expenses (to age 18); and

d.    Incidental and other expenses.

151.    WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT X

## DECLARATORY RELIEF PURUSANT TO 28 U.S.C. § 2201, *et seq.*

## PLAINTIFFS V. ALL DEFENDANTS

152.    Plaintiffs incorporate by reference paragraphs 1-151 of this Complaint, as though the same were fully set forth at length.

153.    Pursuant to 28 U.S.C. § 2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

154.    Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

155.    Plaintiffs allege Defendants violated the following statutes: 55 Pa. Code §§ 3130, *et seq.*, 3680, *et seq.*, and 3700, *et seq.*

156.    There are actual controversies between the Defendant and Plaintiffs, including whether Defendants violated the following statutes: 55 Pa. Code §§ 3130, *et seq.*, 3680, *et seq.*, and 3700, *et seq.*

157.    The declaratory relief requested herein will generate common answers that will settle the controversy related to violations of the following statutes: 55 Pa. Code §§ 3130, *et seq.*, 3680, *et seq.*, and 3700, *et seq.*  There is an economy to resolving this issue as it has the potential to eliminate the need for continued and repeated litigation regarding the alleged statutory violations.

158.    Plaintiffs therefore seek a declaration against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and severely for their statutory violations.

WHEREFORE, Plaintiffs, demand judgment against Defendants, Schuylkill County, Schuylkill County Children & Youth Services, Marcia Hoke, KidsPeace, KidsPeace National

Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski,

Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, individually,

jointly, and/or jointly and severely for compensatory and punitive damages in an amount in

excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of

suit, and such other relief as this Honorable Court may deem appropriate.

**ANAPOL WEISS**

By:_____
GREGORY S. SPIZER
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
215-790-4578 (phone)
215-875-7722 (fax)
gspizer@anapolweiss.com
*Attorneys for Plaintiffs*

Dated: 21 February 2018