IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.B., a Minor, By and Through James Rocco, III, Esquire, her Guardian *Ad Litem*, | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 18-756 |
| SCHUYLKILL COUNTY, *et al.*, | |
| Defendants. | |

**KIDSPEACE DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The KidsPeace Defendants recognize that this Court liberally grants amendment. Indeed, based upon the amendments contemplated at oral argument on the motions to dismiss (i.e., amending the caption to include Plaintiff's newly-appointed guardian *ad litem* and deleting claims that were previously withdrawn), the KidsPeace Defendants had expected the Court would be able to rule on the pending motions to dismiss without any additional briefing or motions practice.[1] However, Plaintiff's proffered amendment (Doc. No. 39-2, Ex. C) is more substantial than the KidsPeace Defendants had anticipated. In light of the changes identified below, and changes that Plaintiff should have but did not make, the KidsPeace Defendants respectfully request that, if the Court is inclined to grant Plaintiff's motion, it permit additional briefing on the pending motions to dismiss or allow the filing of new motions.

---

[1] *See, e.g., Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 367 n.3 (E.D. Pa. 1996) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading" (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476)).

I.   **PLAINTIFF'S ADDITIONS**

Plaintiff has made a number of additions to the Complaint that are not identified in the text of Plaintiff's Amended Motion (Doc. No. 39) and, to the best of the undersigned's recollection, were not announced at oral argument on September 12, 2018. The most concerning of these additions appear in paragraph 69 of the proposed amended complaint. There, Plaintiff has considerably expanded the allegations about *all* Defendants' alleged failure to train and supervise employees.

Plaintiff now contends that Defendants allegedly rushed the placement of J.W. into M.B.'s family residence, failed to train and supervise employees to place troubled foster children in alternative living arrangements, and failed to train and supervise employees that foster families must be provided with a prospective foster child's medical and general behavioral histories in accordance with what Plaintiff claims is required by Pennsylvania law. *See* Proposed Amended Complaint at ¶ 69. Revised paragraph 69 also includes a new allegation that all Defendants failed to abide by a Pennsylvania statute not previously referenced (11 P.S. § 2603).

These additions in paragraph 69 concerning failure to train and supervise are included in Count I, which is the sole remaining Count under § 1983.[2] Paragraph 69, like all of Count I, is asserted by Plaintiff against *all Defendants*. This manner of "shotgun pleading" has been disapproved by the Third Circuit and should not be allowed. *See, e.g., Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) ("The Third Circuit has criticized 'the all too common shotgun pleading approach' to complaints." (citing *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)).

---

[2] Similar new allegations now appear in state law counts negligence as well. *See, e.g.*, ¶ 95.

2

II.     **PLAINTIFF'S SUBTRACTIONS**

Beyond these additions, Plaintiff has also subtracted paragraphs (and parts of paragraphs) that the KidsPeace Defendants had relied upon in their pending Motion to Dismiss. Specifically, Plaintiff has proposed to delete (1) former paragraph 37, which alleged that since 2014 Plaintiff's parents, K.B. and P.B., had fostered approximately 20 children, and (2) the second half of former paragraph 41, which had alleged that from their fostering experience, K.B. and P.B. were aware that many foster children had behavioral issues and were equipped to address and deal with an occasional behavioral issue.

The Court should not permit Plaintiff to require the KidsPeace Defendants to move for summary judgment to prove facts that she has already alleged, presumably for her own benefit. *Cf.*, Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("[A]llegations in a pleading that has been withdrawn may be allowed into evidence as an admission of the party, but ordinarily must be offered in evidence if they are to be used for this purpose.").

III.    **NEW PROBLEMS CREATED BY PLAINTIFF'S PROFFERED AMENDMENT**

One consequence of the dismissal of Parents' claims is that proposed Count III, for Negligent Misrepresentation, must fail. Very briefly, M.B contends that the KidsPeace Defendants made misrepresentations to K.B. and P.B., which K.B. and P.B. relied upon. But Plaintiff does not contend that she, M.B., relied upon any alleged misrepresentations. Absent such an allegation, M.B., cannot state a claim for negligent misrepresentation. *See Blocker v. Cmty. Educ. Centers, Inc.*, 2014 WL 1348959, at *6 (E.D. Pa. Apr. 7, 2014) (dismissing claim for negligent misrepresentation where plaintiff failed to "plead that she relied on any misrepresentations to her detriment.") (Pratter, J.)

3

## IV. CONCLUSION

In sum, the proposed Amended Complaint goes beyond the housekeeping that the KidsPeace Defendants had anticipated and indeed, goes beyond the changes identified in the paragraphs of Plaintiff's Amended Motion to Amend the Complaint. Yet the amendment also creates new defects. Accordingly, if the Court is inclined to allow the proposed amendment, the KidsPeace Defendants respectfully request the opportunity to file an additional brief to address these changes and the Court not to decide the pending Motions to Dismiss on the existing record.

Respectfully submitted,

Dated:  October 16, 2018

/s/ Frank R. Emmerich Jr.
Frank R. Emmerich Jr.
Andrew K. Garden
**CONRAD O'BRIEN PC**
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Phone:  (215) 864-9600/Fax:  (215) 864-9620
Email: femmerich@conradobrien.com
           agarden@conradobrien.com

*Attorneys for Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kesley O'Hara, Heather Moore, and Cori Ruszkowski*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing memorandum to be electronically filed pursuant to the Court's electronic court filing system and thereby served on all counsel of record, and that the filing is available for downloading and viewing from the electronic court filing system.

/s/ Frank R. Emmerich Jr.

Dated:  October 16, 2018