**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| M.B., A MINOR, BY AND THROUGH JAMES | : | CIVIL ACTION |
| ROCCO, III, ESQUIRE, HER *GUARDIAN AD LITEM* | : | |
| MINOR-PLAINTIFF, | : | |
| v. | : | NO. 2:18-CV-00756-GEKP |
| SCHUYLKILL COUNTY | : | |
| AND | : | |
| MARCIA HOKE, INDIVIDUALLY AND IN HER | : | |
| OFFICIAL CAPACITY AS CASE WORKER OF | : | |
| SCHUYLKILL COUNTY CHILDREN & YOUTH | : | |
| SERVICES | : | |
| AND | : | |
| KIDSPEACE | : | |
| AND | : | |
| KIDSPEACE NATIONAL CENTERS, INC. | : | |
| AND | : | |
| KIDSPEACE CORPORATION | : | |
| AND | : | |
| KELSEY O'HARA, INDIVIDUALLY AND IN | : | |
| HER OFFICIAL CAPACITY AS CASE WORKER | : | |
| OF KIDSPEACE'S DOYLESTOWN OFFICE | : | |
| AND | : | |
| HEATHER MOORE, INDIVIDUALLY AND IN HER | : | |
| OFFICIAL CAPACITY AS THE EASTERN | : | |
| PENNSYLVANIA REGIONAL MANAGER OF KIDSPEACE | : | |
| AND | : | |
| CORI RUSZKOWSKI, INDIVIDUALLY AND IN | : | |
| HER OFFICIAL CAPACITY AS PROGRAM MANAGER | : | |
| OF KIDSPEACE'S DOYLESTOWN OFFICE | : | |
| AND | : | |
| CATHOLIC SOCIAL SERVICES OF THE | : | |
| DIOCESE OF SCRANTON, INC. | : | |
| AND | : | |
| GENEVA MATHUSE, INDIVIDUALLY AND IN HER | : | |
| OFFICIAL CAPACITY AS CORPORATE SOCIAL | : | |
| RESPONSIBILITY WORKER OF CATHOLIC SOCIAL | : | |
| SERVICES OF THE DIOCESE OF SCRANTON, INC. | : | |
| | : | |
| DEFENDANTS. | : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, M.B., a minor, by and through James Rocco, III, Esquire, her *Guardian Ad Litem*, by and through her attorneys, Anapol Weiss, by way of an Amended Complaint against Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, avers as follows:

## PARTIES

1.     Plaintiff, M.B., a minor, is a citizen of the Commonwealth of Pennsylvania who currently resides in Montgomery County, Pennsylvania and live in Bucks County, Pennsylvania at the time the incident herein occurred.  Minor-Plaintiff's name is abbreviated to protect her given the private nature of the allegations contained in this Amended Complaint.

2.     James Rocco, III, Esquire was appointed *Guardian Ad Litem* for purposes of the instant lawsuit on September 13, 2018.

3.     Defendant, Schuylkill County, ("SC"), is a local governmental unit and/or agency of the Commonwealth of Pennsylvania with business offices located at 401 North 2nd Street, Pottsville, Pennsylvania 17901.  SC is a "person" as the term is used in 42 U.S.C. § 1983.

4.     Upon information and belief, Defendant, Marcia Hoke, is an employee/agent of SC and Schuylkill County Children & Youth Services where she works as a case worker at 324 North Centre Street, Pottsville, Pennsylvania 17901.  Upon information and belief, Ms. Hoke was responsible for the placement and for the oversight of the foster child that was placed in the Minor-Plaintiff's home which is the subject of this incident.  Ms. Hoke is sued in both her official and individual capacities.

5.      Defendant, KidsPeace, is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace is a "person" as the term is used in 42 U.S.C. § 1983.

6.      Defendant, KidsPeace National Centers, Inc., is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace National Centers, Inc. is a "person" as the term is used in 42 U.S.C. § 1983.

7.      Defendant, KidsPeace Corporation, is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a foster care organization with a registered address of 1650 Broadway, Bethlehem, Pennsylvania 18015.  KidsPeace Corporation is a "person" as the term is used in 42 U.S.C. § 1983.  KidsPeace, KidsPeace National Centers, Inc. and KidsPeace Corporation are herein collectively referred to as "KidsPeace".

8.      Upon information and belief, Defendant, Kelsey O'Hara, is an employee/agent of KidsPeace where she works as a case worker at KidsPeace Doylestown's office located at 10 S. Clinton Street, Suite 304, Doylestown, Pennsylvania, 18901.  Ms. O'Hara is responsible for providing support to families caring for a foster child.  In this capacity and upon information and belief, Ms. O'Hara was responsible for the oversight of the foster child that was placed in the Minor-Plaintiff's home which is the subject of this incident as well as working with the foster family, K.B. and P.B., (M.B.'s parents) (hereinafter also referred to as "Minor-Plaintiff's parents"), on a daily basis.  Ms. O'Hara is sued in both her official and individual capacities.

9.     Upon information and belief, Defendant, Heather Moore, is an employee/agent of KidsPeace working as the Eastern Pennsylvania Regional Manager of KidsPeace, with an office located at 10 S. Clinton Street, Suite 304, Doylestown, Pennsylvania, 18901.  Upon information and belief, Ms. Moore is responsible for overseeing KidsPeace's Foster Care and Adoption Services' operations and employees within Lehigh, Bucks and Berks Counties.  In this capacity and upon information and belief, Ms. Moore was responsible for overseeing KidsPeace employees who placed and oversaw the foster child in the Minor-Plaintiff's home which is the subject of this incident.  Ms. Moore is sued in both her official and individual capacities.

10.     Upon information and belief, Defendant, Cori Ruszkowski, is an employee/agent of KidsPeace working as the Program Manager of KidsPeace's Doylestown office located at 10 S. Clinton Street, Suite 304, Doylestown, Pennsylvania, 18901.  Upon information and belief, Ms. Ruszkowski was responsible for the placement of foster children in a suitable foster home. In this capacity, Ms. Ruszkowski was responsible for the placement of the foster child in the Minor-Plaintiff's home which is the subject of this incident.  Ms. Ruszkowski is sued in both her official and individual capacities.

11.     Catholic Social Services of the Diocese of Scranton, Inc. ("CSS") is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania as a social services organization with a registered address of 315 Wyoming Avenue, Scranton, Pennsylvania 18503.  CSS is a "person" as the term is used in 42 U.S.C. § 1983.

12.     Upon information and belief, Defendant, Geneva Mathuse, is an employee/agent of CSS working as a Corporate Social Responsibility Worker for CSS in their regional office located at 214 W. Walnut Street, Hazleton, Pennsylvania 18201.  Ms. Mathuse is responsible to assist those seeking to adopt infants or foster children through the Statewide Adoption and

Permanency Network (SWAN).  Upon information and belief, Ms. Mathuse knew that the foster child placed in the Minor-Plaintiff's home posed a danger to her.  Ms. Mathuse is sued in both her official and individual capacities.

13.     At all times relevant hereto, Defendant SC was and is a local governmental agency of the Commonwealth of Pennsylvania which is responsible for providing temporary, alternative living arrangements, when necessary, for citizen children including foster care placement services.  The incident described herein involves SC's negligent, careless, reckless and deliberately indifferent placement of a minor foster child (hereinafter, J.W.) into the Minor-Plaintiff's family home even though SC knew or should have known that the placement of minor, J.W., into the home posed a risk to Minor-Plaintiff and her family.

14.     At all times relevant hereto, Defendant Hoke was a case worker at SC where one of her responsibilities was to ensure that the placement of foster children in a foster home was safe for the foster children and, just as importantly, safe and suitable for the family accepting the foster child placement.  Upon information and belief, Defendant Hoke was also responsible for working with foster families following placement of a child into their residences.  Upon further information and belief, Defendant Hoke knew or reasonably should have known that the placement of J.W. into the Minor-Plaintiff's family home would cause harm to members of the family, yet despite this knowledge, nevertheless advised Minor-Plaintiff's parents that J.W. was not a risk and was a suitable placement for them.  Further, Defendant Hoke failed to take any actions to protect Minor-Plaintiff, M.B., from the incident described herein, including the removal of J.W. from the Minor-Plaintiff's home after the negligent, careless, reckless and deliberately indifferent placement, but before the incident described herein occurred.

15.     Upon information and belief, SC contracted with Defendants, KidsPeace, to assist with foster care placement services for children outside of Schuylkill County.  Upon information and belief, the contractual agreement between SC and KidsPeace allowed for KidsPeace and Defendants O'Hara, Moore and Ruszkowski to become involved with J.W.'s placement into the Minor-Plaintiff's home.  KidsPeace, through its agents and employees' negligent, careless, reckless, and deliberately indifferent failures, actions and inactions caused the incident described herein.  KidsPeace is also vicariously liable for the actions/inactions of its employees and agents.

16.     At all times relevant hereto, Defendant O'Hara was a case worker at KidsPeace's Doylestown office where one of her responsibilities was to ensure the safe and suitable placement of children in a foster home which included the safety of the residents of the foster home.  Upon information and belief, Defendant O'Hara was also the case worker responsible for working with the foster family following placement of a child into their residence.  Upon further information and belief, Defendant O'Hara knew that the placement of J.W. into the Minor-Plaintiff's family home posed a risk Minor-Plaintiff and her family, yet despite this knowledge, nevertheless worked towards and allowed for the placement to occur.  Further, Defendant O'Hara failed to take any actions to protect Minor-Plaintiff, M.B., from the incident described herein including removing J.W. from the Minor-Plaintiff's home after the negligent, careless, reckless and deliberately indifferent placement but before the incident described herein occurred.

17.     At all times relevant hereto, Defendant Moore was a regional manager for KidsPeace with supervising responsibility for Lehigh, Bucks and Berks Counties.  Upon information and belief, one of Defendant Moore's responsibilities was to oversee the safe and suitable placement of children in a foster home, which included the safety of the residents of the foster home.  Upon information and belief, Defendant Moore knew or reasonably should have

known that the placement of minor J.W. into the Minor-Plaintiff's family home would cause

harm to Minor-Plaintiff and her family, yet despite this knowledge, nevertheless worked towards

and allowed for the placement to occur.  Further, Defendant Moore failed either personally

and/or failed to direct any Kidspeace employees to take any actions to protect Minor-Plaintiff,

M.B., from the incident described herein including removing J.W. from the Minor-Plaintiff's

home after this negligent, careless, reckless and deliberately indifferent placement, but before the

incident described herein occurred.

18.    At all times relevant hereto, Defendant Ruszkowski was a program manager at

KidsPeace's Doylestown office where one of her responsibilities was the safe and suitable

placement of children in a foster home which included the safety of the residents of the foster

home.  Upon information and belief, Defendant Ruszkowski knew that the placement of J.W.

into the Minor-Plaintiff's family home posed a risk to Minor-Plaintiff and her family, yet despite

this knowledge, nevertheless allowed for the placement to occur.  Further, Defendant

Ruszkowski failed to take any actions to protect Minor-Plaintiff, M.B., from the incident

described herein including removing J.W. from the Minor-Plaintiff's home after the negligent,

careless, reckless and deliberately indifferent placement, but before the incident described herein

occurred.

19.    At all times relevant hereto, Defendant CSS was and is a non-profit corporation

licensed and registered by the Commonwealth of Pennsylvania.  One of CSS' business objectives

is to provide permanent adoption placement services to eligible persons in the Commonwealth of

Pennsylvania.  Upon information and belief, CSS worked with SC to provide permanent

placement services for minor children, including J.W.  Upon information and belief, CSS and its

agent/employee, Defendant Mathuse, knew that J.W. posed a risk to the Minor-Plaintiff's family,

7

especially Minor-Plaintiff, M.B., yet despite this knowledge, negligently, carelessly, recklessly and with deliberate indifference failed to take any actions to protect Minor-Plaintiff, M.B., from the incident described herein.  CSS is also vicariously liable for the actions/inactions of its employees and agents.

20.    At all times relevant hereto, Defendant Mathuse was a Corporate Social Responsibility Worker at Catholic Social Services of the Diocese of Scranton, Inc.  Upon information and belief, Defendant Mathuse knew and voluntarily expressed that J.W. posed a risk to the Minor-Plaintiff's family, especially minor children like Minor-Plaintiff, M.B., yet negligently, carelessly, recklessly and with deliberate indifference failed to take any actions to protect Minor-Plaintiff, M.B., from the incident described herein.

## JURISDICTION AND VENUE

21.    Minor-Plaintiff incorporates by reference paragraphs 1-20 of this Amended Complaint, as though the same were fully set forth at length.

22.    Jurisdiction for Count I of Minor-Plaintiff's Amended Complaint is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343, both of which provide for original jurisdiction of Minor-Plaintiff's claims arising under the Constitution and/or the laws of the United States and over actions to recover damages and to secure equitable and other relief.

23.    This Court has jurisdiction over Counts II, III, IV and V of Minor-Plaintiff's Amended Complaint arising under the statutory and common laws of the Commonwealth of Pennsylvania pursuant to this Court's supplemental jurisdiction as codified at 28 U.S.C. § 1367.

24.    Pursuant to Local Rule of Civil Procedure 53.2 of the United States District Court for the Eastern District of Pennsylvania, this case is not eligible for compulsory arbitration as the amount in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of

interests and costs.  In addition, this case is also not eligible for compulsory arbitration as it alleges violations of rights secured by the United States Constitution and jurisdiction for this action is based in part upon 28 U.S.C. § 1343.

25.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as a substantial part of the actions complained of herein have occurred within this judicial district.

## FACTUAL BACKGROUND

26.     Minor-Plaintiff incorporates by reference paragraphs 1-25 of this Amended Complaint, as though the same were fully set forth at length.

27.     Minor-Plaintiff M.B. was born on December 25, 2012 and is presently 5 years of age.

28.     Minor-Plaintiff, M.B., along with her biological minor-brother, have been in the care of K.B. and P.B. since September 15, 2014.

29.     On February 1, 2017, Minor-Plaintiff M.B., and her biological minor-brother were formally adopted by K.B. and P.B. through Berks County Department of Children & Youth Services.

30.     K.B. and P.B. are the parents and natural guardians of Minor-Plaintiff, M.B.

31.     Minor-Plaintiff M.B. is a special needs child with emotional and developmental disabilities.

32.     In May 2017, K.B. and P.B., registered with KidsPeace to foster children through said organization.

33.     In May 2017, K.B. and P.B., were contacted by Kidspeace and its employee, Defendant Ruszkowski, with the prospect of fostering a minor child, J.W.  Upon information and

belief, Defendants Kidspeace and Ruszkowski, contacted K.B. and P.B. after hearing from SC that an adolescent male in their custody, J.W., needed a foster home.  At the time, J.W. (also referenced hereinafter as "foster child") was 11-years-old.  J.W. was the first foster child K.B. and P.B. were approached to foster through SC and KidsPeace.  K.B. and P.B. were not looking to foster a child of this age, however, they were assured by Defendants, Kidspeace and Ruszkowski, and later by Defendants, SC and Hoke, that J.W. acted younger than his biological age and that he posed no risk, sexual or otherwise, to their minor children, including Minor-Plaintiff, M.B.

34.     On or about May 18, 2017, K.B. and P.B. had a discussion with KidsPeace, specifically Defendant Ruszkowski, to find out if J.W. had any history of sexual abuse, molestation, or other behavioral incidents of any type which could be an issue for their family, especially since they had minor children in the home.  K.B. and P.B. clearly and unequivocally informed KidsPeace that they would not agree to foster a child with a history of sexual assault, molestation or other concerning behavioral issues because they had two young children living in their home.

35.     Defendants, KidsPeace and Ruszkowski expressed that J.W. had no history of sexual assault, molestation or other concerning behaviors, and, upon information and belief, they confirmed this with Defendants SC and Hoke.  K.B. and P.B. were only informed that J.W. was placed younger than his biological age because of his maturity level and that he had a minor incident in his prior home.  More specifically, K.B. and P.B. were informed that J.W. was removed from his prior foster home and sent to Lehigh Valley Hospital ("LVH") in Pottsville, Pennsylvania because he had turned over a table in his prior home.  Nothing was said to the K.B.

and P.B. about any sexual, molestation or behavioral issues or the reason why J.W. had turned over the table.

36.     On or about May 22, 2017, K.B. and P.B., met with J.W. at LVH.  At neither this visit nor prior to this date, did any of the Defendants identify a history of molestation or abuse with J.W.  Moreover, no hospital representative raised any red flags. Following this meeting and because of the representations of Defendants that J.W. was not a risk for their family, K.B. and P.B. agreed for J.W. to be placed in their home.  In fact, following this visit with J.W., Defendant Ruszkowski texted Minor-Plaintiff's mother, K.B., writing "The poor kid has been through the ringer" but did not explain or provide further details.

37.     On or about May 25, 2017, J.W. was transported for placement into the K.B. and P.B.'s former home in Bucks County, Pennsylvania by Defendant Ruszkowski and Defendant Hoke.  At the time of J.W.'s arrival, and to make absolutely certain that there was no risk to her children, K.B. inquired again to Defendants Hoke and Ruszkowski whether J.W. had ever been molested, had a sexual assault history with others or had other troubling or concerning behaviors. SC, Hoke, KidsPeace and Ruszkowski again categorically denied that J.W. had any sexual assault, molestation or troubling behavioral history or that he posed a risk to Minor-Plaintiff or her family.

38.     During this May 25, 2017 conversation with Defendant Ruszkowski, K.B. also requested a copy of J.W.'s background materials and service plan from SC and/or Kidspeace, but this request was not fulfilled.  Failure to provide a copy of J.W.'s background materials and service plan was in direct violation of the policies set forth in Pennsylvania Administrative Code Title 55, Chapter 3130 et seq. which is titled Administration of County Children and Youth Social Service Programs.  More specifically, pursuant to 55 Pa. Code § 3130.67(a), Defendants

SC and Hoke were required to prepare a service plan for the foster child.  Pursuant to 55 Pa. Code § 3130.67(b)(2)(vi), said service plan was required to include the child's known medical problems, including identification of known physical, mental or emotional disabilities.  Such plan is to be provided to the foster caregiver (3130.67(b)(3)) so that they can appropriately decide whether to accept the child.  Moreover, for children being served through a private agency, the county agency is required to notify the private agency of their responsibility to provide the foster caregiver updated information on children for whom they are providing care (see 55 Pa. Code § 3130.67(b)(5)).  Defendants SC and Hoke failed to provide Minor-Plaintiff's parents, K.B. and/or P.B., with J.W.'s service plan thereby violating the aforementioned code.

39.    At all times relevant hereto, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski were also bound by the policies set forth in Pennsylvania Administrative Code Title 55, Chapter 3680 et seq.  Pursuant to this Administrative Code, titled Administration and Operation of a Children and Youth Social Service Agency, Defendants SC, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski were required to "establish and ensure adherence to, written policies and procedures regarding the release of information contained in client records." Furthermore, pursuant to 55 Pa. Code § 3680.35(b)(i), information contained in the client record shall be disclosed upon request to a child's parents or guardian.  Defendants SC, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski failed to release J.W.'s records to K.B. and/or P.B. despite their multiple requests thereby violating the aforementioned code.

40.     At all times relevant hereto, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, were also bound by the policies set forth in Pennsylvania Administrative Code Title 55, Chapter 3700 et seq. which is referred to as Foster Family Care Agency.  More specifically, pursuant to the Pennsylvania Foster Family Case Agency ("FFCA"), 55 Pa. Code § 3700.38(c) and (d):

> (c) Foster families shall be provided information from the case records which is necessary to protect the child's health and safety and to assist in the child's successful accomplishment of necessary educational, developmental or remedial tasks;

> (d) Foster families shall be provided information from the case record which will enable them to function safely and in cooperation with the FFCA.

Defendants and/or Defendants' agents, servants, workmen and/or employees had a legal duty to act in accordance with the FFCA and provide J.W.'s case record to K.B. and P.B.  Defendants and/or Defendants' agents, servants, workmen and/or employees violated this code by failing to satisfy the requirements of the FFCA as they did not share J.W.'s file with Minor-Plaintiff's parents in any capacity.

41.     At all times relevant hereto, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, were bound by the policies set forth in Pennsylvania Statute 11 P.S. § 2601, et seq., which is referred to as the Resource Family Care Act ("RFCA").  More specifically, the RFCA § 2604, requires that:

> County and private agencies shall provide the following [information] to resource [foster] families:

(3) Open, complete and timely responses from the county or private agency when contacted by the resource family regarding the role of the resource family and the care of the child.

(4) Information about the child's medical history, general behavior and relationship with his or her parents shall be provided to the resource family as soon as that information is obtained by the county or private agency. Within a reasonable amount of time the agency shall also provide information to the resource family concerning the educational history, life experiences and previous and prospective placement circumstances of the child.

Defendants and/or Defendants' agents, servants, workmen and/or employees had a legal duty to act in accordance with the RFCA and provide information about J.W.'s medical history, general behavior and relationship with his or her parents as soon as that information was obtained. Similarly, they had a legal duty to provide Minor-Plaintiff's parents with information concerning the educational history, life experiences and previous and prospective placement circumstances of J.W. in a reasonable amount of time.  Defendants and/or Defendants' agents, servants, workmen and/or employees violated this statute by failing to satisfy the requirements of the RFCA.

42.     On or about May 26, 2017, K.B. sent a text message to Defendant Ruszkowski advising her that J.W. had disclosed that he had previously been abused.  Minor-Plaintiff's mother, K.B., asked Defendant Ruszkowski if she should disclose this information to Child Protective Services (CPS).  Defendant Ruszkowski advised she should "hold off calling it in," that she would report it to SC and see how they want to proceed.  Defendant Ruszkowski then followed up with K.B. advising that "CPS already has it in their system.  It has been

investigated."  Despite CPS, and upon information and belief, SC and Hoke, having knowledge of this prior abuse, this information was never previously disclosed to Minor-Plaintiff's parents.

43.     On or about May 30, 2017, J.W. was scheduled for a routine psychological evaluation.  Prior to his appointment, J.W. told Minor-Plaintiff's parents, K.B. and P.B., that he was "nervous" for the evaluation because of how he left his last foster home because another boy tried to kiss him.  This was the first time that the K.B. and P.B. had heard of such an issue at J.W.'s last home.  When K.B. relayed this information to Defendant Hoke, she "laughed" and said it was actually J.W. who asked the boy to kiss him.  According to Defendant Hoke, when J.W. was approached about this incident at his last foster home, he acted violently, flipped a table and attempted to jump out of a window.  Neither this incident nor any of this history was previously disclosed to Minor-Plaintiff's parents despite their asking Defendants, SC, KidsPeace, Hoke and Ruszkowski, for this information.

44.     Minor-Plaintiff's mother, K.B., then asked Defendant Ruszkowski from KidsPeace to recheck J.W.'s file for any mention of molestation or sexual history issues.  At this time, Defendant Ruszkowski advised Minor-Plaintiff's parents that J.W.'s file included an incident at his last foster residence whereby J.W. asked a boy to have sex with him.  The incident was assessed as a "non-threat" based on a prior psychological evaluation and was noted to be an "isolated incident".  Again, this incident was not previously disclosed to Minor-Plaintiff's parents prior to J.W.'s placement in her home and the psychological evaluation which would have been part of J.W.'s service plan and the documents required to be turned over by the RFCA were not provided to Minor-Plaintiff's parents as required by law.  Had any of these incidents at J.W.'s prior foster residence been disclosed to Minor-Plaintiff's parents or had J.W.'s profile/service plan/background materials, which would have contained these facts, been

provided to Minor-Plaintiff's parents as required by law, K.B. and P.B. would not have agreed to foster J.W. in their home given this background and his potential for abuse. Neither Defendants SC, KidsPeace, Moore, Ruszkowski or O'Hara, made any attempts or took any actions to remove J.W. from the Minor-Plaintiff's home at this time.

45.     On or about June 5, 2017, Defendant O'Hara advised K.B. and P.B. that J.W. was actually not permitted to be placed in a home with his biological brothers because of an undisclosed incident. She specifically disclosed that J.W.'s biological brothers were manipulated by J.W., telling his brothers "to do bad things" and their relationship with them was "not healthy." This fact was also not previously disclosed to K.B. and P.B. prior to J.W.'s placement in their home. The fact that J.W. was deemed unfit to be placed with his biological siblings was alarming and one that would have caused K.B. and P.B. to decline to foster J.W. had it been disclosed to them. Given these alarming new discoveries, K.B. once again asked Defendants O'Hara and KidsPeace for J.W.'s psychological evaluation, which should have been produced in accordance with Pennsylvania's codes and statutes, but no such evaluation was ever provided to her as required by law.

46.     On or about June 11, 2017, J.W. told K.B. and P.B. that he was molested by a former foster mother. This fact was never previously disclosed to Minor-Plaintiff's parents and, in fact, K.B. and P.B. were told that J.W. was not previously molested. Again, had this fact been disclosed to Minor-Plaintiff's parents prior to J.W. being placed in their home, they would not have agreed to foster J.W. in their home.

47.     On or about June 15, 2017, Defendant Mathuse of CSS visited the Minor-Plaintiff's home to meet with J.W. as CSS, upon information and belief, was responsible through SWAN to find a permanent adoptive home for Schuylkill County children, such as J.W. During

16

this visit, Defendant Mathuse informed K.B. and P.B. that she was surprised that J.W. was placed in their home given that J.W. was not to be placed in homes with younger children.  This information was beyond troubling and not previously disclosed to Minor-Plaintiff's parents.  Had it been disclosed, K.B. and P.B. would obviously not have agreed to foster J.W. in their home. Despite this proclamation from Defendant Mathuse, CSS' agent and employee, and her knowledge of J.W.'s history, Defendant Mathuse nor CSS took any action to remove J.W. from the Minor-Plaintiff's home or to seek his removal.  Upon information and belief, Defendant Mathuse did not remove J.W. personally nor did she contact SC, KidsPeace, the authorities or anyone to have J.W. immediately removed.

48.     Upon information and belief, the information disclosed by Defendant Mathuse that J.W. should not be in a home with minor children was included on paperwork in KidsPeace's Reading, Pennsylvania office.  However, upon information and belief, the paperwork at KidsPeace's Doylestown office, which was responsible for placing and overseeing J.W. with Minor-Plaintiff, did not possess this same information.  Moreover, neither the KidsPeace Reading nor Doylestown paperwork was ever disclosed to Minor-Plaintiff's parents as required by Pennsylvania law.

49.     On or about the evening of June 15, 2017, J.W. tried to kiss Minor-Plaintiff's father, P.B., on the mouth.

50.     On or about June 16, 2017, K.B. contacted KidsPeace to relay the latest information about the attempted kiss with P.B.  KidsPeace, specifically Defendant O'Hara, responded by merely advising Minor-Plaintiff's mother, K.B., to "discuss boundaries, what is appropriate and not appropriate behavior."  Despite this incident, Defendants KidsPeace,

O'Hara, Moore and Ruszkowski made no attempt and took no action to remove J.W. from the Minor-Plaintiff's home.

51.     On or about the evening of June 16, 2017, Minor-Plaintiff and her family were having a family meeting about respecting others and what is and is not appropriate behavior. During this meeting, Minor-Plaintiff, M.B., whispered into her father, P.B.'s, ear that she saw J.W. naked in her room.  M.B. then repeated this story to her mother, K.B.  At this point, J.W. accused M.B. of lying and he began to scream hysterically and run around the home.

52.     Minor-Plaintiff's mother, K.B., privately asked M.B. to explain how she had come to see J.W. naked in her room.   Minor-Plaintiff, M.B., described to K.B. her account of what occurred to her, (hereinafter, "the incident"):

    a.    On or about the evening of June 15, 2017 and possibly into the early hours of June 16, 2017, J.W. entered Minor-Plaintiff, M.B.'s, bedroom naked and removed her clothing;

    b.    J.W. then proceeded to lay on top of Minor-Plaintiff, M.B., with his private parts resting against hers;

    c.    J.W. then put his hands and mouth both on and in Minor-Plaintiff, M.B.'s, vagina;

    d.    Minor-Plaintiff, M.B., tried to scream but J.W. covered her mouth with his hand and pinched her until she stopped trying to yell;

    e.    J.W. told Minor-Plaintiff, M.B., that she would be in trouble if she yelled or told anyone;

    f.    J.W. then got Minor-Plaintiff, M.B., to touch his penis while trying to kiss her and stick his tongue in her mouth.  M.B. told her mom that she had to

keep her eyes closed as she was so scared and is not supposed to see others naked; and

g.    Minor-Plaintiff, M.B., also informed her parents, K.B. and P.B., that at some other point in time J.W. tried to put a toy car in her vagina.

53.    Immediately upon hearing this incident, Minor-Plaintiff's mother, K.B., called KidsPeace's emergency line to have J.W. removed from their home.  Defendant O'Hara and another KidsPeace colleague, Christina Phillips, came to the Minor-Plaintiff's home to remove J.W.

54.    As a direct and proximate result of the incident described herein, Minor-Plaintiff, M.B., had to undergo an invasive forensic rape examination and extensive questioning by police.

55.    As a direct and proximate result of the negligent, careless, reckless, deliberately indifferent, intentional and wanton conduct of all Defendants, jointly and severally, as more fully set forth in the counts below, Minor-Plaintiff suffered harm including, but not limited to, the following:

a.  Sexual assault, with its attendant physical and mental signs, symptoms, and sequalae;

b.  Anxiety;

c.  Mental anguish;

d.  Post-traumatic stress disorder;

e.  Past and future physical pain and suffering;

f.  Past and future mental pain and suffering;

g.  Past and future loss of life's pleasures;

h.  Past and future humiliation;

i.  Past and future medical expenses;

j.   Past and future psychological counseling;

k.   Past and future embarrassment;

l.   Future loss earnings; and

m.   Such other injuries which will be set forth as this lawsuit continues.

56.     The incident as described herein was caused by the actions and/or inactions of the Defendants.

## COUNT I

### DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 BY VIRTUE OF STATE CREATED DANGER

### MINOR-PLAINTIFF V. DEFENDANTS SCHUYLKILL COUNTY, MARCIA HOKE, KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI

57.     Minor-Plaintiff incorporates by reference paragraphs 1-56 of this Amended Complaint, as though the same were fully set forth at length.

58.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of Defendants, Schuylkill County, Marcia Hoke, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, that resulted in the injuries suffered by Minor-Plaintiff.

59.     At all times relevant hereto, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, were all "persons" pursuant to 42 U.S.C. § 1983 by providing foster care placement and oversight services either directly, by delegated authority or via contractual authority.

60.     Defendants' constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, et seq. or 42 Pa.C.S. § 8521, et seq.

20

61.     The specific harms to which Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, exposed Minor-Plaintiff were foreseeable and direct in that they were aware that by placing a large, 11-year old boy with a known sexual history and troubling behavior who should not be in the company of minors, would result in harm to Minor-Plaintiff, M.B.

62.     At all times material hereto, Defendants, SC and Hoke, were bound, as previously set forth herein, by various Pennsylvania codes and statutes as well, upon information and belief, its own policies, rules and regulations for the management and oversight of foster children and their placement into a foster home.

63.     In direct contravention and violation of those Pennsylvania codes and a statute as set forth above (55 Pa. Code §§ 3130 et seq., 3700 et seq., 3680 et seq.  and 11 P.S. § 2603 et seq.) and, upon information and belief, in violation of Defendants', SC and Hoke, own rules, regulations and policies, Defendants, SC and Marcia Hoke, recklessly, willfully and with deliberate indifference placed J.W. into the Minor-Plaintiff's home despite the fact that other, alternative living arrangements were available to J.W. and without providing Minor-Plaintiff's parents, K.B. and P.B., with the required information contained in J.W.'s records even though the harm to Minor-Plaintiff was foreseeable.

64.     At all times material hereto, Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, adopted and were supposed to adhere to its own rules and regulations for management and oversight of foster children and their placement into a foster home.  Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, were

also bound by various Pennsylvania codes and statutes with respect to the management and oversight of foster children.

65.     In direct contravention and violation of those Pennsylvania codes and a statute as set forth above, (55 Pa. Code §§ 3680 et seq., 3700 et seq. and 11 P.S. §2603 et seq.), and, upon information and belief, in violation of  Defendants', KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, own rules, regulations and policies, Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, recklessly, willfully and with deliberate indifference placed J.W. into the Minor-Plaintiff's home despite the fact that other alternative living arrangements were available to J.W. and without providing Minor-Plaintiff's parents the information contained in J.W.'s records and though the harm to Minor-Plaintiff was foreseeable.

66.     At all times relevant hereto, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, were acting "under color of state law" for purposes of 42 U.S.C. § 1983 by providing foster care placement, oversight and/or permanent placement services to Minor-Plaintiff as set forth above.

67.     Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, while acting under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, recklessly, maliciously, and/or with deliberate and/or reckless indifference to Minor-Plaintiff's rights, violated 42 U.S.C. § 1983 and deprived Minor-Plaintiff of her rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution, similar provisions

of the Pennsylvania Constitution, Federal Law, State Law, and/or local law in that these Defendants, without lawful basis, caused the aforementioned injuries and damages to Minor-Plaintiff by creating the danger to which Minor-Plaintiff was exposed, in violation of her aforesaid guaranteed rights, upon information and belief, as follows:

   a. Failing to disclose facts necessary in order for Minor-Plaintiff's parents to make an informed decision of whether to accept J.W. into their home;

   b. Failing to adhere to accepted standards for good and reasonable foster care placement;

   c. Negligently, carelessly, unreasonably, recklessly and with deliberate indifference placed J.W. in Minor-Plaintiff's home when they knew or should have known of his serious behavioral and molestation propensities and dangers to others, particularly Minor-Plaintiff, M.B.;

   d. Negligently, carelessly, unreasonably, recklessly and with deliberate indifference rushed to place J.W. in Minor-Plaintiff's home without advising Minor-Plaintiff's parents of J.W.'s serious behavioral, molestation and sexual behavioral history;

   e. Negligently, carelessly, unreasonably, recklessly and with deliberate indifference rushed to place J.W. in Minor-Plaintiff's home without disclosing facts necessary in order for Minor-Plaintiff's parents to make an informed decision of whether to accept J.W. into their home;

   f. Negligently, carelessly, unreasonably, recklessly and with deliberate indifference placed J.W. in Minor-Plaintiff's home instead of in one of the Kidspeace Defendants' residential facilities or other alternative living arrangements, which would have prevented this incident;

g.  Failing to properly notify, advise, and inform Minor-Plaintiff's parents, K.B. and
    P.B., of J.W.'s troubling behavioral, molestation and sexual behavioral history as
    required by Pennsylvania codes (55 Pa. Code §§ 3130 et seq., 3700 et seq., 3680 et
    seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

h.  Failing to properly notify, advise and inform Minor-Plaintiff's parents, K.B. and P.B.,
    of J.W.'s past, psychological and behavioral issues, molestation and sexual behavioral
    history as required by Pennsylvania codes (55 Pa. Code §§ 3130 et seq., 3700 et seq.,
    3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

i.  Failing to properly notify, advise and inform Minor-Plaintiff's parents, K.B. and P.B.,
    of J.W.'s violent propensities that caused him to be a danger to others and particularly
    the Minor-Plaintiff as required by Pennsylvania codes (55 Pa. Code §§ 3130 et seq.,
    3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

j.  Failing to remove J.W. from Minor-Plaintiff's home after concerning events were
    raised by Minor-Plaintiff's parents, K.B. and P.B.;

k.  Failing to remove J.W. from Minor-Plaintiff's home even though he posed a risk to
    Minor-Plaintiff;

l.  Failing to exercise reasonable care with respect to J.W.'s foster care placement in the
    Minor-Plaintiff's home;

m.  Failure to have adequate screening, policies and practices to ensure appropriate
    placement of foster children in a foster home, like the Minor-Plaintiff;

n.  Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to
    minor J.W. with known psychological and behavioral issues, molestation and sexual
    behavioral history and other troubling behavior who then sexually assaulted her;

o.  Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to sexual assault;

p.  Failing to train and supervise their employees and agents which allowed for the reckless and deliberately indifferent placement of J.W. in Minor-Plaintiff's home;

q.  Failure to train and supervise their employees that the placement of foster children into foster families' homes should not be rushed – the consequence of doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

r.  Failure to train and supervise their employees to place troubled foster children in alternative living arrangements such as one of Kidspeace's residential facilities – the consequence of not doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

s.  Failure to train and supervise their employees to ensure that foster families must be provided with a prospective foster child's medical and general behavioral histories in accordance with Pennsylvania law – the consequences of not doing so were the failure to notify, inform and advise M.B.'s parents of J.W.'s background, which allowed for the conscious and deliberately indifferent placement of him in M.B.'s residence;

t.  Failing to adequately protect Minor-Plaintiff, M.B., from sexual assault at the hands of J.W. with a known history of molestation, sexual behavioral and other behavioral issues;

u.  Failing to remove J.W. from Minor-Plaintiff's home;

v.  Failing to remove J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

25

w.  Failure to enforce codes, regulations and policies with respect to removal of foster children from a foster home;

x.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

y.  Failure to enforce adequate screening, policies and practices to ensure safe and suitable placement of foster children in a foster home;

z.  Failing to provide Minor-Plaintiff's parents, K.B. and P.B., with J.W.'s profile or service plan and other relevant paperwork/information as required by Pennsylvania codes (55 Pa. Code §§ 3130 et seq., 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

aa. The implementation of policies, practices and customs which directly caused Minor-Plaintiff's injuries and assault and constitutional harm;

bb. The implementation of policies, practices and customs which allowed for Minor-Plaintiff's injuries, assault and constitutional harms to occur; and

cc. Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Minor-Plaintiff's rights that shall be revealed through discovery prior to trial.

68.     The danger created by Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, as aforesaid was foreseeable and fairly direct.

69.     Defendants' willful placement of a child with a sexual and troubling behavioral history into a home with minor children created a degree of culpability that shocks the conscience.

70.     Defendants', Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, willful failure to remove J.W. from the home after the reckless and deliberately indifferent placement and despite knowledge that he should not be with minor children created a degree of culpability that shocks the conscience.

71.     In creating the danger as set forth above, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, acted in willful disregard for the safety of Minor-Plaintiff.

72.     A relationship existed between Minor-Plaintiff and the Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, as set forth above, such that Minor-Plaintiff, M.B., was a foreseeable victim of the Defendants' actions and/or inactions as described above.

73.     In creating the danger as set forth above, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, by virtue of their authority, placed Minor-Plaintiff in a dangerous position that was foreseeable.

74.     Defendants Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, aforesaid conduct initiated under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate indifference and/or reckless indifference violated 42 U.S.C. § 1983 and deprived Minor-Plaintiff of her rights as guaranteed under the Fourth, and/or Fourteenth Amendments to the United States Constitution, similar

provisions of the Pennsylvania Constitution, Federal Law, State Law, and/or local law without lawful basis, thus causing injuries and damages to Minor-Plaintiff as aforesaid.

75.     Reasonable entities, governmental, profit or non-profit, knew or should have known that placement of a child with a serious molestation, sexual and troubling behavioral history, like J.W, in a foster home with minor children is a conscious and clear and deliberate indifference to Minor-Plaintiff, M.B.

76.     As the facts set forth above demonstrate, Defendants, Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, knew or should have known that the placement of J.W. with a serious sexual and troubling behavioral history and then the failure to remove him before this incident occurred carried a substantial risk of serious harm to Minor-Plaintiff, M.B. and established a deliberate indifference on her behalf.

77.     By reason of the aforesaid actions and inactions of the Defendants Schuylkill County, Marica Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, and as a direct and proximate result thereof, Minor-Plaintiff, M.B., suffered forcible sexual assault, and now suffers from permanent psychological injuries and special damages.

WHEREFORE, Minor-Plaintiff demands judgment against Defendants Schuylkill County, Marcia Hoke, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, individually, jointly, and/or jointly and severally, for compensatory and punitive damages (excluding Schuylkill County only) in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT II

### DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS
### ACT OF 1871, 42 U.S.C. § 1983 BY VIRTUE OF STATE CREATED DANGER

### MINOR-PLAINTIFF V. DEFENDANTS CATHOLIC SOCIAL SERVICES OF THE
### DIOCESE OF SCRANTON, INC. AND GENEVA MATHUSE

78.     Minor-Plaintiff incorporates by reference paragraphs 1-77 of this Complaint, as though the same were fully set forth at length.

79.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, that resulted in the injuries suffered by Minor-Plaintiff.

80.     At all times relevant hereto, Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, were all "persons" pursuant to 42 U.S.C. § 1983 by providing foster care placement and oversight services either directly, by delegated authority or via contractual authority.

81.     Defendants' constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

82.     The specific harms to which Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, exposed Minor-Plaintiff, M.B., were foreseeable and direct in that they were aware that by placing a large, 11-year old boy with a known sexual history who should not be in the company of minors, would result in harm to Minor-Plaintiff, M.B.

83.     At all times material hereto and upon information and belief, Defendants, CSS and Geneva Mathuse, adopted and enforced rules, regulations and policies for management and

29

supervision of children available for adoption that they were seeking to place into a permanent home.

84.    Upon information and belief, in direct contravention and in violation of Defendants', CSS and Geneva Mathuse, own rules, regulations and policies, Defendants, CSS and Geneva Mathuse, recklessly and willfully took no actions to remove J.W. from Minor-Plaintiff's home despite their knowledge that he should not be in a home with young children and the foreseeable harm that would occur to Minor-Plaintiff, M.B.

85.    At all times relevant hereto, Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, were acting "under color of state law" for purposes of 42 U.S.C. § 1983 by providing foster care placement, oversight and/or permanent placement services to Minor-Plaintiff's family as set forth above.

86.    Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, while acting under color of state law, unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference to Minor-Plaintiff's rights, violated 42 U.S.C. § 1983 and deprived Minor-Plaintiff of her rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution, similar provisions of the Pennsylvania Constitution, Federal Law, State Law, and/or local law in that these Defendants, without lawful basis, caused the aforementioned injuries and damages to Minor-Plaintiff, M.B., by creating the danger to which she was exposed, in violation of her aforesaid guaranteed rights as follows upon information and belief:

a.    Failing to disclose facts necessary in order for Minor-Plaintiff's parents, K.B. and P.B., to make an informed decision of whether to accept J.W. into their home;

b.  Failing to adhere to accepted standards for good and reasonable foster care placement;

c.  Negligently, carelessly and recklessly placing J.W. in Minor-Plaintiff's home when they knew or should have known of his serious molestation propensities and dangers to others, particularly Minor-Plaintiff, M.B.;

d.  Failing to properly notify, advise, and inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s serious molestation and sexual behavioral history that caused him to molest others, particularly Minor-Plaintiff, M.B. as required by Pennsylvania law and their own policies;

e.  Failing to properly notify, advise and inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s past, psychological issues, molestation and sexual behavioral history as required by Pennsylvania law and their own policies;

f.  Failing to properly notify, advise and inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s violent propensities that caused him to be a danger to others and particularly the Minor-Plaintiff, M.B. as required by Pennsylvania law and their own policies;

g.  Failing to remove J.W. from Minor-Plaintiff's home after concerning events were raised by Minor-Plaintiff's parents;

h.  Failing to remove J.W. from Minor-Plaintiff's home even though he posed a risk to Minor-Plaintiff, M.B.;

i.  Failing to exercise reasonable care with respect to J.W.'s foster care placement in the Minor-Plaintiff's home;

j.  Failure to have adequate screening and policies to ensure proper placement of foster children in a foster home, like Minor-Plaintiff's home;

31

k.  Permitting and/or otherwise causing Minor-Plaintiff, M.B., to be exposed to minor J.W. with known psychological issues, molestation and sexual behavioral history and other troubling behavior who then sexually assaulted her;

l.  Permitting and/or otherwise causing Minor-Plaintiff, M.B., to be exposed to sexual assault;

m.  Failing to train and supervise their employees and agents which allowed for the negligent placement of J.W. in Minor-Plaintiff's home;

n.  Failing to adequately protect Minor-Plaintiff, M.B., from sexual assault at the hands of J.W. with a known history of molestation, sexual behavioral and other behavioral issues;

o.  Failing to remove J.W. from Minor-Plaintiff's home;

p.  Failing to remove J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

q.  Failure to enforce codes, regulations and policies with respect to removal of foster children from a foster home;

r.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

s.  Failure to enforce adequate screening and policies to ensure safe and suitable placement of foster children in a foster home, like the Minor-Plaintiff;

t.  Failing to provide Minor-Plaintiff's parents, K.B. and P.B., with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania law and their own policies; and

u. Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Minor-Plaintiff's rights that shall be revealed through discovery prior to trial.

87.     The danger created by Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, as aforesaid was foreseeable and fairly direct.

88.     Defendants', Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, willful placement of a child with a sexual and troubling behavioral history into a home with minor children created a degree of culpability that shocks the conscience.

89.     Defendants', Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, willful failure to remove J.W. from the home after the reckless placement and despite knowledge that he should not be with minor children created a degree of culpability that shocks the conscience.

90.     In creating the danger as set forth above, Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse acted in willful disregard for the safety of Minor-Plaintiff.

91.     A relationship existed between Minor-Plaintiff and the Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, as set forth above, such that Minor-Plaintiff, M.B., was a foreseeable victim of the Defendants' actions and/or inactions as described above.

92.     In creating the danger as set forth above, Defendants, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, by virtue of their authority, placed Minor-Plaintiff in a dangerous position that was foreseeable.

93.     Defendants Catholic Social Services of the Diocese of Scranton, Inc. and Geneva
Mathuse aforesaid conduct, initiated under color of state law, unlawfully, and/or intentionally,
unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference violated
42 U.S.C. § 1983 and deprived Plaintiff of her rights as guaranteed under the Fourth, and/or
Fourteenth Amendments to the United States Constitution, similar provisions of the
Pennsylvania Constitution, Federal Law, State Law, and/or local law without lawful basis, thus
causing injuries and damages to Minor-Plaintiff, M.B., as aforesaid.

94.     Reasonable entities, governmental, profit or non-profit, knew or should have
known that placement of a child with a serious molestation, sexual and troubling behavioral
history, like J.W, in a foster home with minor children is a clear and deliberate indifference to
Minor-Plaintiff, M.B.

95.     As the facts set forth above demonstrate, Defendants, Catholic Social Services of
the Diocese of Scranton, Inc. and Geneva Mathuse, knew or should have known that the
placement of J.W. with a serious sexual and troubling behavioral history and then the failure to
remove him before this incident occurred carried a substantial risk of serious harm to Minor-
Plaintiff, M.B., and established a deliberate indifference on their behalf.

96.     By reason of the aforesaid actions and inactions of the Defendants, Catholic
Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse, and as a direct and
proximate result thereof, Minor-Plaintiff, M.B., suffered forcible sexual assault, and now suffers
from permanent psychological injuries and special damages.

WHEREFORE, Minor-Plaintiff demands judgment against Catholic Social Services of
the Diocese of Scranton, Inc. and Geneva Mathuse, individually, jointly, and/or jointly and
severally, for compensatory and punitive damages in an amount in excess of One Hundred Fifty

Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT III

### VICARIOUS LIABILITY AND DIRECT NEGLIGENCE

**MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC. AND GENEVA MATHUSE**

97.     Minor-Plaintiff incorporates by reference paragraphs 1-96 of this Amended Complaint, as though the same were fully set forth at length.

98.     At all times relevant hereto, Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc. and Geneva Mathuse and their agents, servants, workmen and/or employees had a duty to act reasonably under the circumstances so as to prevent and/or minimize any harm to Minor-Plaintiff.

99.     Upon information and belief, Defendants were grossly negligent and did not act reasonably under the circumstances.  The losses, injuries and damages sustained by the Minor-Plaintiff, as set forth herein, resulted directly and proximately from the negligent, careless and reckless conduct of Defendants and/or Defendants' agents, servants, workmen, and/or employees, who were negligent, careless and reckless in the following manner:

    a.  Failing to make reasonable efforts to gather and disclose facts necessary to give Minor-Plaintiff's parents, K.B. and P.B., an informed basis for deciding whether to accept J.W. into their home;

    b.  Failing to exercise ordinary care and/or the degree of care required by accepted standards for good and reasonable foster care placement;

c.  Failure to have adequate screening, policies and practices to ensure proper placement of foster children in a foster home, like the Minor-Plaintiff's.

d.  Negligently, carelessly and recklessly placing J.W. in Minor-Plaintiff's home when they knew or should have known of his serious behavioral, psychological and molestation propensities to others, particularly Minor-Plaintiff, M.B.;

e.  Failing to properly notify and inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s serious behavioral, psychological conditions that caused him to be a danger to others, particularly the Minor-Plaintiff, M.B.;

f.  Negligently, carelessly and recklessly rushing to place J.W. in Minor-Plaintiff's home without advising Minor-Plaintiff's parents of J.W.'s serious molestation, sexual and general behavioral histories;

g.  Negligently, carelessly and recklessly rushing to place J.W. in Minor-Plaintiff's home without disclosing facts necessary in order for Minor-Plaintiff's parents to make an informed decision of whether to accept J.W. into their home;

h.  Negligently, carelessly and recklessly placing J.W. in Minor-Plaintiff's home instead of in one of the Kidspeace Defendants' residential facilities or making other living arrangements for him in light of his serious molestation, sexual and general behavioral histories that caused him to molest others;

i.  Failing to properly advise, inform and notify Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s past molestation, sexual and other troubling behavioral history as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

j.  Failing to properly advise, inform and notify Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s violent, behavioral and molestation propensities that caused him to be a danger to others and particularly Minor-Plaintiff, M.B. as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.)and their own policies;

k.  Failing to exercise due care by not properly monitoring and supervising J.W., when they knew or should have known of J.W.'s potential danger to others;

l.  Failing to exercise reasonable care with respect to the handling of J.W.'s case;

m.  Failing to train and supervise their employees and agents which allowed for the negligent, careless and reckless placement of J.W. in Minor-Plaintiff's home;

n.  Failing to remove J.W. from the Minor-Plaintiff's home despite his dangerous propensities;

o.  Failing to remove J.W. from Minor-Plaintiff's home even though he posed a risk to Minor-Plaintiff;

p.  Failure to abide by Pennsylvania's codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) for the proper placement and oversight of foster children into a foster home;

q.  Failure to enforce policies with respect to removal of foster children from a foster home;

r.  Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

s.   Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to minor J.W. with known psychological and behavioral issues, and a molestation and sexual behavioral history who then sexually assaulted her;

t.   Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to sexual assault;

u.   Failure to have adequate screening, policies and practices to ensure proper placement of foster children in a foster home, like the Minor-Plaintiff's home;

v.   Failing to remove J.W. from the Minor-Plaintiff's home after concerning events were raised by Minor-Plaintiff's parents;

w.   Failing to remove J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

x.   Failure to take any action to seek the removal of J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

y.   Failing to provide Minor-Plaintiff's parents, K.B. and P.B., with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

z.   Failing to adhere to Pennsylvania law for placement and oversight of foster children in a foster home;

aa.   Failure to train and supervise their employees that the placement of foster children into foster families' homes should not be rushed – the consequence of doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

38

bb. Failure to train and supervise their employees to place troubled foster children in alternative living arrangements such as one of Kidspeace's residential facilities – the consequence of not doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

cc. Failure to train and supervise their employees to ensure that foster families must be provided with a prospective foster child's medical and general behavioral histories in accordance with Pennsylvania law – the consequences of not doing so were the failure to notify, inform and advise M.B.'s parents of J.W.'s background, which allowed for the conscious and deliberately indifferent placement of him in M.B.'s residence; and

dd. Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Minor-Plaintiff's rights that shall be revealed through discovery prior to trial.

100.    As a direct and proximate result of the aforesaid actions and/or inactions of Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, and as a direct and proximate result thereof, Minor-Plaintiff has incurred medical expenses, was caused to suffer severe psychological injuries and suffered severe pain and suffering.

101.    Kidspeace and CSS are also vicariously liable for the actions/inactions of its employees, agents, servants, workmen and representatives.

WHEREFORE, Minor-Plaintiff, demand judgment against Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, Cori

Ruszkowski, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

**COUNT IV**

**NEGLIGENT MISREPRESENTATION**

**MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

102.     Minor-Plaintiff incorporates by reference paragraphs 1-101 of this Amended Complaint, as though the same were fully set forth at length.

103.     At all times relevant hereto, Defendants and/or Defendants' agents, servants, workmen, and/or employees had a legal duty to disclose to Minor-Plaintiff's parents, K.B. and P.B., all of the facts regarding J.W.'s psychological condition, traumatic past and molestation propensities.

104.     Upon information and belief, prior to placing J.W. in the Minor-Plaintiff's home, the Defendants and/or Defendants' agents, servants, workmen, and/or employees knew or should have known of J.W.'s psychological condition, traumatic past, molestation propensities and troubling behaviors and failed to disclose the same to Minor-Plaintiff's parents, K.B. and P.B., before placing J.W. in their home as a foster child.

105.     Minor-Plaintiff's parents', K.B. and P.B., reliance on Defendants' and/or Defendants' agents, servants, workmen, and/or employees misrepresentations and omissions was reasonable because said representations were made by individuals and entities in a position to know the true facts.

106.    The negligence, carelessness, recklessness, wanton, willful and other liability producing conduct of the Defendants and/or Defendants' agents, servants, workmen, and/or employees, directly and proximately caused Minor-Plaintiff to suffer severe psychological injuries and pain and suffering.

107.    The negligent, careless, reckless, wanton, willful and other liability producing conduct of the Defendants and/or Defendants' agents, servants, workmen, and/or employees, directly and proximately caused Minor-Plaintiff to have expended various sums of money for medical care and treatment.

WHEREFORE, Minor-Plaintiff demands judgment against Defendants KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore and Cori Ruszkowski, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT V

## NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES

### MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI

108.    Minor-Plaintiff incorporates by reference paragraphs 1-107 of this Amended Complaint, as though the same were fully set forth at length.

109.    At all relevant times, Defendants owed a duty to exercise a reasonable degree of care to Minor-Plaintiff when working with and overseeing the placement and continued supervision of a foster child in her home.

41

110.   Defendants undertook the duty to fully inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s background, life history, psychological and medical history before placement in their home.

111.   Defendants also undertook the duty to continue to work with Minor-Plaintiff's parents, K.B. and P.B., and oversee and monitor J.W. after placement in Minor-Plaintiff's home.

112.   Defendants breached the above duties owed to Minor-Plaintiff. The negligence of Defendants and/or Defendants' agents, servants, workmen, and/or employees directly and proximately caused Minor-Plaintiff's injuries as set forth herein by way of the following:

a.   Failing to make reasonable efforts to gather and disclose facts necessary to give Minor-Plaintiff's parents, K.B. and P.B., an informed basis for deciding whether to accept J.W. into their home;

b.   Failing to exercise ordinary care and/or the degree of care required by accepted standards for good and reasonable foster care placement;

c.   Failure to have adequate screening, policies and practices to ensure proper placement of foster children in a foster home, like the Minor-Plaintiff's.

d.   Negligently, carelessly and recklessly placing J.W. in Minor-Plaintiff's home when they knew or should have known of his serious behavioral, psychological and molestation propensities to others, particularly Minor-Plaintiff, M.B.;

e.   Failing to properly notify and inform Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s serious behavioral, psychological conditions that caused him to be a danger to others, particularly the Minor-Plaintiff, M.B.;

f.   Negligently, carelessly and recklessly rushing to place J.W. in Minor-Plaintiff's home without advising Minor-Plaintiff's parents of J.W.'s serious molestation, sexual and general behavioral histories;

g.   Negligently, carelessly and recklessly rushing to place J.W. in Minor-Plaintiff's home without disclosing facts necessary in order for Minor-Plaintiff's parents to make an informed decision of whether to accept J.W. into their home;

h.   Negligently, carelessly and recklessly placing J.W. in Minor-Plaintiff's home instead of in one of the Kidspeace Defendants' residential facilities or making other living arrangements for him in light of his serious molestation, sexual and general behavioral histories that caused him to molest others;

i.   Failing to properly advise, inform and notify Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s past molestation, sexual and other troubling behavioral history as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

j.   Failing to properly advise, inform and notify Minor-Plaintiff's parents, K.B. and P.B., of J.W.'s violent, behavioral and molestation propensities that caused him to be a danger to others and particularly Minor-Plaintiff, M.B. as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.)and their own policies;

k.   Failing to exercise due care by not properly monitoring and supervising J.W., when they knew or should have known of J.W.'s potential danger to others;

l.   Failing to exercise reasonable care with respect to the handling of J.W.'s case;

m. Failing to train and supervise their employees and agents which allowed for the negligent, careless and reckless placement of J.W. in Minor-Plaintiff's home;

n. Failing to remove J.W. from the Minor-Plaintiff's home despite his dangerous propensities;

o. Failing to remove J.W. from Minor-Plaintiff's home even though he posed a risk to Minor-Plaintiff;

p. Failure to abide by Pennsylvania's codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) for the proper placement and oversight of foster children into a foster home;

q. Failure to enforce policies with respect to removal of foster children from a foster home;

r. Failure to have adequate policies to ensure that foster children are timely removed from a foster home;

s. Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to minor J.W. with known psychological and behavioral issues, and a molestation and sexual behavioral history who then sexually assaulted her;

t. Permitting and/or otherwise causing the Minor-Plaintiff, M.B., to be exposed to sexual assault;

u. Failure to have adequate screening, policies and practices to ensure proper placement of foster children in a foster home, like the Minor-Plaintiff's home;

v. Failing to remove J.W. from the Minor-Plaintiff's home after concerning events were raised by Minor-Plaintiff's parents;

w.   Failing to remove J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

x.   Failure to take any action to seek the removal of J.W. from Minor-Plaintiff's home despite awareness that he should not be with younger children;

y.   Failing to provide Minor-Plaintiff's parents, K.B. and P.B., with J.W.'s profile or service plan and other relevant paperwork as required by Pennsylvania codes (55 Pa. Code §§ 3700 et seq., 3680 et seq.) and statute (11 P.S. § 2603 et seq.) and their own policies;

z.   Failing to adhere to Pennsylvania law for placement and oversight of foster children in a foster home;

aa.  Failure to train and supervise their employees that the placement of foster children into foster families' homes should not be rushed – the consequence of doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

bb.  Failure to train and supervise their employees to place troubled foster children in alternative living arrangements such as one of Kidspeace's residential facilities – the consequence of not doing so was the conscious and deliberately indifferent placement of J.W. into M.B.'s residence;

cc.  Failure to train and supervise their employees to ensure that foster families must be provided with a prospective foster child's medical and general behavioral histories in accordance with Pennsylvania law – the consequences of not doing so were the failure to notify, inform and advise M.B.'s parents of J.W.'s background, which allowed for the conscious and deliberately indifferent placement of him in M.B.'s residence; and

dd. Such other deliberately indifferent, reckless, and willful and wonton conduct resulting in the violation of Minor-Plaintiff's rights that shall be revealed through discovery prior to trial.

113.    The harm suffered by Minor-Plaintiff was a direct and proximate result of her reliance on Defendants to provide all information known or that they should have known regarding J.W.'s background, life history, psychological, sexual and medical history.

114.    Harm was also directly and proximately caused by Defendants' failure to remove J.W. from the home following his improper placement.

115.    Defendants are liable to Minor-Plaintiff pursuant to §§ 323 and 324A of the Restatement (Second) of Torts. As a direct and proximate result of Defendants' negligent, careless and reckless acts and omissions and Minor-Plaintiff's parents' reliance on same, Minor-Plaintiff suffered injuries as set forth above.

WHEREFORE, Minor-Plaintiff, demands judgment against Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore and Cori Ruszkowski, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

## COUNT VI

**NEGLIGENCE PER SE: VIOLATION OF PENNSYLVANIA FOSTER FAMILY CARE AGENCY STATUTE 55 Pa. Code § 3700, *et seq.***

**MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

116.    Minor-Plaintiff incorporates by reference paragraphs 1-115 of this Complaint, as though the same were fully set forth at length.

117.    Pursuant to the Pennsylvania Foster Family Case Agency ("FFCA") 55 Pa. Code § 3700.38(c) and (d):

    (e) Foster families shall be provided information from the case records which is necessary to protect the child's health and safety and to assist in the child's successful accomplishment of necessary educational, developmental or remedial tasks;

    (f) Foster families shall be provided information from the case record which will enable them to function safely and in cooperation with the FFCA.

118.    Pursuant to this Pennsylvania statute, Defendants and/or Defendants' agents, servants, workmen and/or employees had a legal duty to act in accordance with the FFCA.

119.    Defendants and/or Defendants' agents, servants, workmen and/or employees breached their legal duty by failing to satisfy the requirements of the FFCA as they did not share the information in J.W.'s file regarding any of the following:

    a.  The incident at J.W.'s prior foster home wherein he tried to kiss another boy;

    b.  Any information regarding prior molestation on J.W. by a prior foster parent;

    c.  The fact that J.W. was not to be placed in a foster home with other children;

    d.  The incident where J.W. asked another boy to have sex;

    e.  The fact that J.W. was not allowed to remain in the same home as his biological brothers; and

    f.  Any other information resulting in violation of Minor-Plaintiff's rights that may be revealed through discovery.

120.    Conversely, Defendants denied any prior psychological, molestation or sexual behavioral issues and only represented that J.W. was a good fit for their home.

47

121.    Minor-Plaintiff's parents, K.B. and P.B., relied on Defendants and/or Defendants' agents, servants, workmen and/or employees representation that J.W. was a good fit for their home and family, and Minor-Plaintiff suffered damages as a result of this reliance.

122.    Had Minor-Plaintiff's parents, K.B. and P.B., been adequately informed of J.W.'s background, life history, psychological and medical history, they would not have agreed to foster J.W. in their home.

123.    As a direct and proximate result of Defendants violations of FFCA, Minor-Plaintiff has suffered severe psychological injuries and pain and suffering and has been caused to expend various sums of money for medical care and treatment.

WHEREFORE, Minor-Plaintiff, demands judgment against Defendants, KidsPeace, KidsPeace National Centers, Inc., KidsPeace Corporation, Kelsey O'Hara, Heather Moore, and Cori Ruszkowski, individually, jointly, and/or jointly and severely for compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs of suit, and such other relief as this Honorable Court may deem appropriate.

**ANAPOL WEISS**

By:/s/ Gregory S. Spizer
GREGORY S. SPIZER
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
215-790-4578 (phone)
215-875-7722 (fax)
gspizer@anapolweiss.com
*Attorneys for Minor-Plaintiff*

Dated: October 18, 2018