IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MB, A MINOR, BY AND THROUGH | : | Civil Action |
| JAMES ROCCO, III, ESQUIRE | : | **No. 18-CV-00756-GEKP** |
| HER *GUARDIAN AD LITEM* | : | |
| | : | |
| Plaintiffs | : | **HONORABLE GENE E.K. PRATTER** |
| Vs. | : | |
| | : | |
| SCHUYLKILL COUNTY, et al. | : | (Electronically Filed) |
| | : | |
| Defendants | : | |

### <u>ANSWER OF DEFENDANTS,</u><br><u>SCHUYLKILL COUNTY AND MARCIA HOKE,</u><br><u>TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendants, Schuylkill County and Marcia Hoke (Hereinafter referred to collectively as answering defendants), by and through their attorneys, Lieberman, Tamulonis & Hobbs, enter the following Answer and affirmative defenses to plaintiff's Amended Complaint and respectfully represent:

## **FIRST DEFENSE**

1.     Admitted only that the minor plaintiff is so identified.  The remaining averments of ¶ 1 of plaintiff's Amended Complaint are denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 1 of the Amended Complaint and, accordingly, therefore, said averments are denied.

2.     Admitted.

3.     Admitted that Schuylkill County is a local government unit of the Commonwealth of Pennsylvania with business offices located at 401 North Second Street, Pottsville, Pennsylvania, 17901. The remaining averments of ¶ 3 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.

4.     Admitted only that defendant, Marcia Hoke is employed by the County of Schuylkill through Schuylkill County Children and

2

Youth Services as a case worker at 324 North Centre Street, Pottsville, Pennsylvania, 17901.  The remaining averments of ¶ 4 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable rules of Civil Procedure.

5.-12.  The averments of ¶¶ 5-12 of plaintiff's Amended Complaint relate to parties other than answering defendants and, therefore, no answer is required under the applicable Rules of Civil Procedure.

13.    Admitted only that defendant, Schuylkill County is a local government unit of the Commonwealth of Pennsylvania.  The remaining averments of ¶ 13 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.  In the alternative, assuming the averments of ¶ 13 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

14.    Admitted only that defendant-Hoke was a case worker for Schuylkill County.  The remaining averments, characterizations and conclusions constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming any averments of ¶ 14 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

15.    Admitted only that defendant, Schuylkill County contracted with defendants, KidsPeace for foster placement services including placement of children outside of Schuylkill County and that the KidsPeace defendants became involved with JW's placement into that minor-plaintiff's home.  The remaining averments of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure and, accordingly, said averments are denied.

16.-20.    The averments of ¶¶ 16-20 relate to parties other than answering defendants and, accordingly, no answer is required under the applicable Rules of Civil Procedure.

## JURISDICTION AND VENUE

21.  Answering defendants incorporate their Answer to ¶¶ 1-20 of the Amended Complaint by reference as if fully set forth at length.

22.    The averments of ¶ 22 plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure and, accordingly, said averments are denied.

23.    The averments of ¶ 23 plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure and, accordingly, said averments are denied.

24.   The averments of ¶ 24 plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure and, accordingly, said averments are denied.

25.   The averments of ¶ 25 plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure and, accordingly, said averments are denied.

## **FACTUAL BACKGROUND ALLEGATIONS**

26.   Answering defendants incorporate their answers to ¶¶ 1 through 25 of the Amended Complaint inclusive by reference as if fully set forth at length.

27.   Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Amended Complaint and, accordingly, therefore, said averments are denied.

28.   Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Amended Complaint and, accordingly, therefore, said averments are denied.

29.   Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Amended Complaint and, accordingly, therefore, said averments are denied.

30.   Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Amended Complaint and, accordingly, therefore, said averments are denied.

31.   Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Amended Complaint and, accordingly, therefore, said averments are denied.

32.     Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Amended Complaint and, accordingly, therefore, said averments are denied.

33.     Denied.  To the extent the averments of ¶ 33 of plaintiff's Amended Complaint relate to answering defendants, said averments are denied.  The remaining averments of ¶ 33 of plaintiff's Amended Complaint relate to parties other than answering defendants to which no answer is required under the applicable Rules of Civil Procedure.

34.     Denied.  The averments of ¶ 34 of plaintiff's Amended Complaint relate to parties other than answering defendants and no answer is required pursuant to the applicable Rules of Civil Procedure.  To the extent an Answer to ¶ 34 of plaintiff's Amended Complaint is deemed necessary, said averments are denied. Answering defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the Amended Complaint and, accordingly, therefore, said averments are denied.

35.    Denied.  To the extent the averments of ¶ 35 of plaintiff's Amended Complaint relate to answering defendants, said averments are denied.  The remaining averments of ¶ 35 of plaintiff's Amended Complaint relate to parties other than answering defendant to which no answer is required under the applicable Rules of Civil Procedure.

36.    Admitted only on information and belief that on or about May 22, 2017, KB and PB met with JW at LVH.  The remaining averments of ¶ 36 of plaintiff's Amended Complaint are denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 36 of the Amended Complaint and, accordingly, therefore, said averments are denied.

37.   Admitted in part, denied part.  It is admitted only that on or about May 25, 2017, JW was transported for placement in the KB and PB's former home in Bucks County.  The remaining averments of ¶ 37 of plaintiff's Amended Complaint are denied.

38.   Denied.  The averments of ¶ 38 of plaintiff's Amended Complaint relate to a party other than answering defendants and, accordingly, no answer is required under the applicable Rules of Civil Procedure.  Moreover, the remaining averments of ¶ 38 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.  To the extent the averments of ¶ 38 of plaintiff's Amended Complaint, are applicable to answering defendants, said averments are denied.  On the contrary, documentation, including JW's known medical problems and including identification of JW's known to physical, mental and emotional

disabilities and behaviors was delivered by Marcia Hoke to Cori Ruszkowski in the presence of KB.

39.   The averments of ¶ 39 of plaintiff's Amended Complaint Constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.  To the extent the averments of ¶ 39 of plaintiff's Amended Complaint, are applicable to answering defendants, said averments are denied. On the contrary, documentation, JW's known medical problems and including identification of JW's known physical, mental and emotional disabilities and behaviors was delivered by Marcia Hoke to Cori Ruszkowski in the presence of KB.

40.   The averments of ¶ 40 of plaintiff's Amended Complaint Constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.  To the extent the averments of ¶ 40 of plaintiff's Amended Complaint, are applicable to answering defendants, said averments are denied.

On the contrary, documentation, of JW's known medical problems and identification of his known physical, mental and emotional disabilities and behaviors was delivered by Marcia Hoke to Cori Ruszkowski in the presence of KB.

41.   The averments of ¶ 41 of plaintiff's Amended Complaint Constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.  To the extent the averments of ¶ 41 of plaintiff's Amended Complaint, are applicable to answering defendants, said averments are denied. On the contrary, documentation, of JW's known medical problems and including identification of his known physical, mental and emotional disabilities and behaviors was delivered by Marcia Hoke to Cori Ruszkowski in the presence of KB.

42.   To the extent the averments of ¶ 42 of plaintiff's Amended Complaint relate to answering defendants, said averments are denied.  The remaining averments relate to a party

other than answering defendants and, therefore, no answer thereto is required under the applicable Rules of Civil Procedure.

43.    Admitted only that on or about May 30, 2017, a conversation took place between KB and Marcia Hoke regarding the circumstances that led to JW's hospitalization.  The remaining averments and characterizations of the conversation are denied. It is further denied that minor-plaintiff's parents requested any information from answering defendants.  On the contrary, documentation, including JW's known medical problems, and including identification of known physical, mental and emotional disabilities and behaviors were delivered by Marcia Hoke to Cori Ruszkowski in the presence of KB on May 25, 2017.

44.    The averments of ¶ 44 of plaintiff's Amended Complaint relate to a party other than answering defendants and no answer is required pursuant to the applicable Rules of Civil Procedure.  In the alternative, assuming an answer to the averments of ¶ 44 are

denied necessary, said averments are denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 44 of the Amended Complaint and, accordingly, said averments are denied.

45.   The averments of ¶ 45 of plaintiff's Amended Complaint relate to defendants other than other answering defendant and, accordingly, no answer is required pursuant to the applicable Rules of Civil Procedure.  To the extent an Answer to the averments of ¶ 45 is deemed necessary, said averments are denied. Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 45 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

46.   Denied.  The averments of ¶ 46 of plaintiff's Amended Complaint are denied.  By way of further answer, JW's allegation

regarding his former adoptive mother was investigated and determined to be unfounded.  Accordingly, under Pennsylvania law, any reference to an unfounded allegation was expunged.

47.    The averments of ¶ 47 of plaintiff's Amended Complaint relate to a party other than answering defendants and no answer to the averments of ¶ 47 of plaintiff's Amended Complaint are deemed necessary.  In the alternative, assuming an answer to the averments of ¶ 47 of plaintiff's Amended Complaint are deemed necessary, said averments are denied.  Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 45 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

48.    The averments of ¶ 48 of plaintiff's Amended Complaint relate to a party other than answering defendants and no answer to the averments of ¶ 48 of plaintiff's Amended Complaint are

deemed necessary.  In the alternative, assuming an answer to the averments of ¶ 48 of plaintiff's Amended Complaint are deemed necessary, said averments are denied.  Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 48 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

49.    Denied.  Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 49 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

50.    The averments of ¶ 50 of plaintiff's Amended Complaint relate to parties other than answering defendant and no answer is required to these allegations pursuant to the applicable Rules of Civil Procedure.  In the alternative, assuming an answer to the averments of ¶ 50 of plaintiff's Amended Complaint are deemed

necessary, said averments are denied. Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 50 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

51. Denied. Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 51 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

52. Denied. Answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 52 of plaintiff's Amended Complaint and, accordingly, said averments are denied.

53. The averments of ¶ 53 of plaintiff's Amended Complaint relate to a party other than answering defendants and no answer is required pursuant to the applicable Rules of Civil Procedure. In

17

the alternative, assuming the averments of ¶ 53 of plaintiff's
Amended Complaint are deemed factual, said averments are
denied.

54.   Denied.  Answering defendants are without knowledge
or information to form a belief as to the truth or accuracy of the
averments contained in ¶ 54 of plaintiff's Amended Complaint
and, accordingly, said averments are denied.

55.   Denied.  Answering defendants are without knowledge
or information to form a belief as to the truth or accuracy of the
averments contained in ¶ 55 of plaintiff's Amended Complaint
and, accordingly, said averments are denied.

56.   Denied.

## COUNT I

**DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS
ACT OF 1871, 42 U.S.C. § 1983 BY VIRTUE OF STATE CREATED DANGER**

**MINOR-PLAINTIFF V. DEFENDANTS SCHUYLKILL COUNTY, MARCIA HOKE,
KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE
CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

57.     Answering defendants incorporate by reference their answers to ¶¶ 1 through 56 of the Amended Complaint as if fully set forth at length.

58.     The averments of ¶ 58 of plaintiff's Amended Complaint constitute a conclusion of law and characterization of this action to which no answer is required under the applicable Rules of Civil Procedure.

59.     The averments of ¶ 59 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.

60.     The averments of ¶ 60 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.

61.     The averments of ¶ 61 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.  To the extent an answer to the averments of ¶ 61 of plaintiff's Amended Complaint is deemed necessary, said averments are denied.

19

62.    The averments of ¶ 62 of plaintiff's Amended Complaint constitute a conclusion of law and characterization of this action to which no answer is required under the applicable Rules of Civil Procedure.

63.    The averments of ¶ 63 of plaintiff's Amended Complaint constitute a conclusion of law and characterization of this action to which no answer is required under the applicable Rules of Civil Procedure.  In the alternative, assuming the averments of ¶ 63 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

64.    The averments of ¶ 64 of plaintiff's Amended Complaint relate to parties other than answering defendants and, therefore, no answer is required under the applicable Rules of Civil Procedure.

65.    The averments of ¶ 65 of plaintiff's Amended Complaint relate to parties other than answering defendants and, therefore,

no answer is required under the applicable Rules of Civil Procedure.

66.    The averments of ¶ 66 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.

67.    The averments of ¶ 67 of plaintiff's Amended Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming an answer to the averments of ¶ 67 of plaintiff's Amended Complaint is deemed necessary, said averments are denied.

68.    The averments of ¶ 68 of plaintiff's Amended Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming an answer to the averments of ¶ 68 of plaintiff's

Amended Complaint is deemed necessary, said averments are denied.

69.     The averments of ¶ 69 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 69 of plaintiff's Amended Complaint are deemed necessary, said averments are denied.

70.     The averments of ¶ 70 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 70 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

71.     The averments of ¶ 71 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative,

assuming the averments of ¶ 71 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

72.    The averments of ¶ 72 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 72 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

73.    The averments of ¶ 73 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 73 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

74.    The averments of ¶ 74 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative,

assuming the averments of ¶ 74 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

75.    The averments of ¶ 75 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 75 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

76.    The averments of ¶ 76 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 76 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

77.    The averments of ¶ 77 of plaintiff's Amended Complaint constitute a conclusion of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative,

assuming the averments of ¶ 77 of plaintiff's Amended Complaint are deemed factual, said averments are denied.

**WHEREFORE,** answering defendants, Schuylkill County and Marcia Hoke, pray that the Amended Complaint of the plaintiff be dismissed and that judgment be entered in their favor and against plaintiff, with costs.

## COUNT II

### DEPRIVATION OF RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 BY VIRTUE OF STATE CREATED DANGER

### MINOR-PLAINTIFF V. DEFENDANTS CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC., AND GENEVA MATHUSE

78. – 96.   All claims and causes of action against defendants, Catholic Social Services of the Diocese of Scranton, Inc., and Geneva Mathuse, have been dismissed and no answer to the averments of Count II, ¶¶ 78 – 96 is deemed necessary.

## COUNT III

### VICARIOUS LIABILTY AND DIRECT NEGLIGENCE

**MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE, CORI RUSZKOWSKI, CATHOLIC SOCIAL SERVICES OF THE DIOCESE OF SCRANTON, INC. AND GENEVA MATHUSE**

97. – 101.  The averments of Count III, ¶¶ 97 through 101 of the Amended Complaint inclusive relate to parties other than answering defendant and no answer is required under the applicable Rules of Civil Procedure.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

**MINOR-PLAINTIFF V. DEFENDANTS KIDSPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

102. – 107. The averments of Count IV, ¶¶ 102 through 107 of the Amended Complaint relate to parties other than answering defendant and no answer is required under the applicable Rules of Civil Procedure.

## COUNT V

## NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES

**MINOR-PLAINTIFF V. DEFENDANTS KDISPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

108. – 115. The averments of Count V, ¶¶ 108 through 115 of the Amended Complaint relate to parties other than answering defendant and no answer is required under the applicable Rules of Civil Procedure.

## COUNT VI

**NEGLIGENT PER SE:  VIOLATION OF PENNSYLVANIA FOSTER FAMILY CARE AGENCY STATUTE 55 Pa. Code § 3700, *et seq.***

**MINOR-PLAINTIFF V. DEFENDANTS KDISPEACE, KIDSPEACE NATIONAL CENTERS, INC., KIDSPEACE CORPORATION, KELSEY O'HARA, HEATHER MOORE AND CORI RUSZKOWSKI**

116. – 123. The averments of Count V, ¶¶ 1116 through 123 of the Amended Complaint relate to parties other than answering defendant and no answer is required under the applicable Rules of Civil Procedure.

### SECOND DEFENSE

The Court lacks jurisdiction of the subject matter of this action.

### THIRD DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim or cause of action against defendants, Schuylkill County and/or Marcia Hoke for violation of constitutional and/or federally protected rights.

### FIFTH DEFENSE

Defendants, Schuylkill County and Marcia Hoke, raise immunity under the Eleventh Amendment to the United States Constitution.

## SIXTH DEFENSE

An alleged failure to protect an individual against private violence does not constitute a constitutional violation.

## SEVEVENTH DEFENSE

The so-called State Created Doctrine constitutes an unwarranted interpretation and expansion of the Supreme Court decision in ***DeShaney v. Winnebago County, Dep't of Social Serv.***

## EIGHTH DEFENSE

At no time did answering defendants have custody of the minor plaintiff or impose any limitation on her freedom to act to give rise to a constitutional duty to protect.

## NINTH DEFENSE

There is no special relationship and, in fact, no relationship at all between the minor plaintiff and answering defendants so as to impose a duty to protect on answering defendants.

## TENTH DEFENSE

The minor foster child, JW, had no prior history of sexual assault.

## ELEVENTH DEFENSE

The harm allegedly caused by the foster child JW in the nature of an alleged sexual assault was not foreseeable.

## TWELFTH DEFENSE

The harm allegedly sustained by the minor plaintiff was not the result of any intentional, unreasonable, willful, reckless, malicious act or any deliberate and/reckless indifference on behalf of the answering defendants.

## THIRTEENTH DEFENSE

There being no relationship between answering defendants and the minor plaintiff and answering defendants had no information so as to render the minor plaintiff a foreseeable victim of the alleged acts of a non-party to this action.

### FOURTEENTH DEFENSE

The matching and placement of the foster child JW was arranged and undertaken by the KidsPeace defendants.

### FIFTEENTH DEFENSE

Answering defendants may not be held liable for a constitutional violation for any alleged omission in the nature of an alleged failure to disclose.

### SIXTEENTH DEFENSE

Answering defendants had no contact or communication with the minor plaintiff or her parents regarding the matching and placement of JW at any time prior to May 25, 2017.

### SEVENTEENTH DEFENSE

Answering defendants made no statement or representation to the minor plaintiff or her parents at any time prior to placement or on May 25, 2017.

## **EIGHTEENTH DEFENSE**

On May 25, 2017, answering defendant, Marcia Hoke, provided a packet of information regarding the child's medical history, general behavior and relationship specifically including JW's medical history, hospital records and evaluations to Cori Ruszkowski in the presence of PB which specifically included the following:

- IEP (Individualized Education Program) – JW

- Permanency Review Order May 8, 2017

- Vaccine Immunization Record

- Certification of birth

- Psychiatric Evaluation Lehigh Valley Hospital-Schuylkill March 16, 2017

- Medication Order

32

- Diagnostic evaluation KidsPeace Diagnostic

  Program 8/11/16,

  including:

- Summary and recommendation 8/22/16

- Therapeutic report 8/18/16

- Milieu Report 8/11/16

- Diagnostic classroom report 8/11/16

- Social history 8/18/16

- History and physical examination report 7/7/16

- Psychological evaluation (comprehensive)

  8/10/16

- Comprehensive Psychiatric Evaluation 7/1/16

- Comprehensive Psychiatric Evaluation updated

  8/17/16

- dental report,

- medical report

- medical card

- prescription for Risperdal

### NINETEENTH DEFENSE

Individual defendant, Marcia Hoke, is entitled to qualified immunity.

### TWENTIETH DEFENSE

The County of Schuylkill provides in-depth training to its case workers, including providing the Charting the Course curriculum developed and provided by the University of Pittsburgh, Child Welfare Resource Center, as well as ongoing annual training.

### TWENTY-FIRST DEFENSE

No act or omission of the County of Schuylkill regarding training directly caused the injury or harm allegedly sustained by the minor-plaintiff.

## **TWENTY-SECOND DEFENSE**

In the event it is judicially determined that there was any omission in training provided by or on behalf of Schuylkill County, any such omission was not caused by a deliberate indifference on the party of the County.

## **TWENTY-THIRD DEFENSE**

Plaintiff's alleged harm was allegedly caused by a private individual, JW, and no constitutional right of the minor-plaintiff was violated by virtue of any act or omission on behalf of answering defendants.

**WHEREFORE,** answering defendants, Schuylkill County and Marcia Hoke, pray that the Amended Complaint of the plaintiff be dismissed and that judgment be entered in their favor and against plaintiff with costs.

## CROSSCLAIM

## Schuylkill County vs. KidsPeace National Centers, Inc.

1.     On September 28, 2016, the Schuylkill County Commissioners, through Schuylkill County Children & Youth Services/Schuylkill County Juvenile Justice Department and KidsPeace National Centers, Inc. entered in the contract wherein KidsPeace National Centers Inc., as service providers, would provide child welfare services to the County.  The term of the aforesaid Agreement began July 1, 2016, and continued through June 30, 2017.

2.     The services provided by KidsPeace National Centers, Inc., included matching and placing Schuylkill County children with appropriate foster families.

3.     In the instant case, KB and PB, parents of the minor-plaintiff registered with KidsPeace to foster children through said organization.

4.     On or about May 18, 2017, KidsPeace notified Marcia Hoke that they had a seasoned family from Quakertown available to foster JW.

5.     The foster parents met with JW at the Lehigh Valley Hospital.

6.     KidsPeace matched JW with the foster family and arranged to place JW at the foster home of KB and PB, parents of the minor-plaintiff.

7.     On May 25, 2017, Marcia Hoke, accompanied JW to the new foster home in order to conduct a safety check and to provide JW's immunization records, psychiatric/psychological evaluations, a copy of birth certificate, dental report, medical report, Court Order, IEP, medical card and a prescription for

Risperdal, as more fully set forth in answering defendants'
Eighteenth affirmative defense.

    8.    Under the terms of the aforesaid agreement, KidsPeace
National Centers Inc. agreed to indemnify, defend and save
harmless, the County, its officers, agents and employees from any
and all claims, losses and liabilities whatsoever occurring or
resulting to any person . . . that is injured or damaged in any form
or manner by the service providers, its agents, employees,
subcontractors, officers or assigns.  The indemnification provisions
specifically provided:

    "10.  INDEMNIFICATION

    The SERVICE PROVIDER agrees to indemnify, defend and
    save harmless the COUNTY, it's officers, agents and
    employees: . . . and (b) from any and all claims, losses
    and any liabilities whatsoever occurring or resulting to
    any person, firm, corporation or State or Federal agency
    or department that is injured or damaged in any form or
    manner by the SERVICE PROVIDER or its agents,
    employees, subcontractors, officers or assigns; and (c). .
    .".

9.    KidsPeace defendants undertook to match JW with KB and PB as foster parents and arrange for his placement in the foster home.

10.   To the extent it is judicially determined that the alleged harm to the minor plaintiff was caused, in whole or in part, by the acts or omissions of KidsPeace defendants, it is averred that KidsPeace defendants are solely liable to the plaintiff, jointly and severally liable with answering defendants or, in the alternative, liable over to answering defendant, the existence of any liability on the part of answering defendants; however, being expressly denied.

**WHEREFORE,** answering defendants pray that judgment be entered in their favor and against plaintiffs with costs or, in the alternative, if it is judicially established that the minor plaintiff is entitled to recovery, that judgment be entered against

defendants, their agents, servants and employees solely and/or for contribution and/or for indemnity.

                              **LIEBERMAN, TAMULONIS & HOBBS**

                    BY: _Frank L. Tamulonis, Jr._
                              Frank L. Tamulonis, Jr., Esquire
                              Attorney ID: PA20808
                              Attorneys for Schuylkill County
                              and Marcia Hoke