**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| M.B., A MINOR, BY AND THROUGH JAMES ROCCO, III, ESQUIRE, HER *GUARDIAN AD LITEM*, <br><br> Minor-Plaintiff, <br> v. <br><br> SCHUYLKILL COUNTY, et al., <br><br> Defendants, <br><br> v. <br><br> K.B. AND P.B., INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF MINOR-PLAINTIFF, M.B. <br><br> Third Party Defendants. | **CIVIL ACTION** <br> 18-CV-00756-GEKP |

### K.B. AND P.B.'S ANWER TO THE THIRD PARTY COMPLAINT OF DEFENDANTS KIDSPEACE, KIDSPEACE CORPORATION, AND KIDSPEACE NATIONAL CENTERS, INC.

Third Party Defendants K.B. and P.B., by and through its undersigned counsel, respectfully answers Defendants' KidsPeace, KidsPeace Corporation, and KidsPeace National Centers, Inc.'s ("KidsPeace") Third Party Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. Admitted only that K.B. is generally familiar with issues involving children abuse, foster care and adoption. Denied that K.B. possesses any experience or expertise with all aspects of foster care, adoption, child psychology and pediatrics. K.B. is not a licensed physician, psychologist or attorney. The remaining allegations of this paragraph are denied.

7. Admitted in part, denied in part. Admitted only that K.B. possesses a bachelor's degree in government politics and policy, and a master's degree in human services. The remaining allegations of this paragraph are denied.

8. Denied.

9. Admitted.

10. Admitted in part, denied in part. Admitted only that K.B. and P.B. have previously fostered children. Denied that K.B. and P.B. possess any experience or expertise with all aspects of foster care. Specifically—at all relevant times hereto—K.B. and P.B. lacked any experience or expertise with children who have been molested or have a history of sexually assaulting others. The remaining allegations of this paragraph are denied.

11. Denied as stated. K.B. and P.B. have provided respire, long-term, and emergency placement services for approximately 26 children. The remaining allegations of this paragraph are denied.

12. Denied as stated. Admitted only that K.B. and P.B. adopted the minor-plaintiff M.B. and her brother K.G.B. The remaining allegations of this paragraph are denied.

13. Admitted only that K.B. and P.B. are the legal parents of M.B. The remaining allegations constitute legal conclusions as to which no response is required. To the extent that a response is required, K.B. and P.B. denies those allegations.

14. Admitted only that K.B. is primarily a stay at home parent. The remaining allegations of this paragraph are denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted in part, denied in part. Admitted only that K.B. and P.B. provided an application to, and were interviewed by, KidsPeace. Denied that K.B. and P.B. met with KidsPeace solely to demonstrate K.B. and P.B.'s ability to care for a foster child. Rather, the parties also met to discuss what type of child is suitable for K.B. and P.B.'s household. The remaining allegations of this paragraph are denied.

21. Denied.

22. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

23. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

24. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

25. Admitted in part, denied in part. Admitted only that K.B. and P.B. had life experiences that aided in their ability to care for certain types of foster children. Denied that K.B. and P.B.'s life experiences gave them any unique qualifications to care for children who have

been molested or have a history of sexually assaulting others. The remaining allegations of this paragraph are denied.

26. Admitted.

27. Admitted.

28. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

29. Admitted only that K.B. and P.B. completed various forms. The forms referred to in this paragraph are written documents that speak for themselves. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

30. The Foster Family Behavior Acceptance Survey is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

31. The Foster Family Behavior Acceptance Survey is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

32. The Foster Family Behavior Acceptance Survey is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

33. The Foster Family Behavior Acceptance Survey is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

34. Admitted in part, denied in part. Admitted only that K.B. and P.B. have previously fostered children. It is further admitted that KidsPeace National Centers, Inc. required

K.B. and P.B. to take a brief training course due to their previous training in the foster care system. Denied that K.B. and P.B. possess any experience or expertise with all aspects of foster care. Specifically—at all relevant times hereto—K.B. and P.B. lacked any experience or expertise with children who have been molested or have a history of sexually assaulting others. The remaining allegations of this paragraph are denied.

35. Admitted.

36. Admitted.

37. The May 2015, 2017 agreement between K.B., P.B., and KidsPeace (the "Agreement") is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

38. The Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

39. The Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

40. The Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

41. The Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

42. The Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

43. Admitted.

44. The Resource Parent Rights and Responsibilities Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

45. The Resource Parent Rights and Responsibilities Agreement is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied.

46. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

47. Denied. K.B. and P.B. are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

48. Admitted.

49. Admitted in part, denied in part. Admitted only that K.B. and P.B. were told that J.W. was eleven years old, acted younger than his age, was the victim of neglect and physical abuse, and currently resided at Lehigh Valley Hospital. Denied that K.B. and P.B. were told that J.W. was receiving psychiatric treatment related to his reaction to an incident involving J.W. kissing another boy. The remaining allegations of this paragraph are denied.

50. Denied as stated. After KidsPeace informed K.B. and P.B. of J.W.'s foster need, K.B. and P.B. initially told KidsPeace that K.B. and P.B. were not looking to foster a child of that age. By way of further response, K.B. and P.B. explicitly and unequivocally informed KidsPeace that they would not foster a child with a history of sexual assault, molestation or certain other behavioral issues. It was only after KidsPeace represented that J.W. acted younger than his biological age, that he had no history of sexual assault or molestation, and that he posed no risk, sexual or otherwise, did K.B. and P.B. begin to consider fostering J.W.

51. Admitted.

52. Admitted.

53. Denied as stated. After meeting J.W. and the hospital representative, K.B. and P.B. expressed sympathy for J.W. K.B. and P.B. were unaware that J.W. had a history of sexual abuse.

54. Admitted in part, denied in part. Admitted only that K.B. and P.B. ultimately requested the opportunity to foster J.W. Denied that K.B. and P.B. immediately requested J.W. after visiting him in the hospital. Instead, K.B. and P.B. indicated their willingness to foster J.W. after they were again assured by KidsPeace and Schuylkill County that J.W. had no history of sexual assault or molestation. The remaining allegations of this paragraph are denied.

55. Admitted.

56. Denied as stated. During this meeting, K.B. and P.B. again asked Schuylkill County and KidsPeace if J.W. had a history of sexual assault or molestation. Schuylkill County and KidsPeace denied that J.W. had such a history. Aside from this exchange, Schuylkill County did not provide any other information to K.B. and P.B. directly. After this conversation, Schuylkill County provided KidsPeace with documents relating to J.W.'s history. KidsPeace indicated that it would provide a copy of the documents to K.B. and P.B., but did not follow through on this promise or provide them with a synopsis of the information contained therein.

57. Admitted in part, denied in part. Admitted only that KidsPeace was at the meeting. Denied that KidsPeace or Schuylkill County provided any information that indicated that J.W. had a history of sexual assault or molestation. Moreover, Schuylkill County provided KidsPeace with documents relating to J.W.'s history. KidsPeace indicated that it would provide a copy of the documents to K.B. and P.B., but did not follow through on this promise or provide

them with a synopsis of the information contained therein. The remaining allegations of this paragraph are denied.

58. Denied. K.B. was told that J.W. needed basic anti-anxiety medication. However, upon receiving the prescription, K.B. learned that J.W. was prescribed anti-psychotic medication. K.B. and P.B. were given no information regarding why J.W. needed the aforementioned medicine.

59. The Foster Care Referral Form is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied. Denied that K.B. had a meaningful opportunity to review the Foster Care Referral Form before signing it. The remaining allegations of this paragraph are denied.

60. The Foster Care Referral Form is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied. Denied that K.B. had a meaningful opportunity to review the Foster Care Referral Form before signing it. The remaining allegations of this paragraph are denied.

61. The Foster Care Referral Form is a written document that speaks for itself. To the extent that these allegations are inconsistent with the contents of the document, the allegations are denied. Denied that K.B. had a meaningful opportunity to review the Foster Care Referral Form before signing it. Denied that Kids Peace disclosed all relevant information about J.W.'s history to K.B. and P.B. The remaining allegations of this paragraph are denied.

62. Admitted in part and denied in part. Admitted only that K.B. and P.B. accepted J.W. into their home. Denied that Kids Peace disclosed all relevant information about J.W.'s history to K.B. and P.B. The remaining allegations of this paragraph are denied.

63. Admitted.

64. Admitted in part, denied in part. Admitted only that KidsPeace informed K.B. that J.W.'s allegation of sexual abuse was investigated. Denied that KidsPeace told K.B. that the allegations were deemed unfounded. The remaining allegations of this paragraph are denied.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted in part, denied in part. Admitted only that on or about June 11, 2017, K.B. reported to KidsPeace that J.W. advised her that he was molested by a former foster mother. Denied that KidsPeace National Centers, Inc. told K.B. and P.B. that the allegations were deemed unfounded. The remaining allegations of this paragraph are denied.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

74. Denied. At all relevant times hereto, K.B. and P.B. lacked any experience or expertise with children who have been molested or have a history of sexually assaulting others. As K.B. and P.B. began to learn additional information about J.W.'s psychiatric, emotional and behavioral history, they sought out KidsPeace's expertise to determine how to handle the situation. During these discussions, KidsPeace did not inform K.B. and P.B. that removal was the proper course of action. In fact, on multiple occasions, K.B. and P.B. requested that KidsPeace

remove J.W. from their home. In responding to these requests, KidsPeace told K.B. and P.B. to give J.W. additional time to settle and that KidsPeace would send a therapist to the home.

75. Admitted.

76. Admitted.

77. Admitted.

78. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

79. Denied. At all relevant times hereto, K.B. and P.B. lacked any experience or expertise with children who have been molested or have a history of sexually assaulting others. As K.B. and P.B. began to learn additional information about J.W.'s psychiatric, emotional and behavioral history, they sought out KidsPeace's expertise to determine how to handle the situation. During these discussions, KidsPeace did not inform K.B. and P.B. that removal was the proper course of action. In fact, on multiple occasions, K.B. and P.B. requested that KidsPeace remove J.W. from their home. In responding to these requests, KidsPeace told K.B. and P.B. to give J.W. additional time to settle and that KidsPeace would send a therapist to the home.

80. Denied as stated. At all relevant times hereto, K.B. and P.B. lacked any experience or expertise with children who have been molested or have a history of sexually assaulting others. As K.B. and P.B. began to learn additional information about J.W.'s psychiatric, emotional and behavioral history, they sought out KidsPeace's expertise to determine how to handle the situation. During these discussions, KidsPeace did not inform K.B. and P.B. that removal was the proper course of action. In fact, on multiple occasions, K.B. and P.B. requested that KidsPeace remove J.W. from their home. In responding to these requests,

KidsPeace told K.B. and P.B. to give J.W. additional time to settle and that KidsPeace would send a therapist to the home.

81. Admitted.

82. Admitted.

83. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

94. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**AS TO COUNT I**

## NEGLIGENCE

95. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 94.

96. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

97. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

98. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

99. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AS TO COUNT II
## NEGLIGENT SUPERVISION

100. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 99.

101. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

102. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

103. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

104. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

105. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AS TO COUNT III
## NEGLIGENCE *PER SE*

106. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 105.

107. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

108. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AS TO COUNT IV
## BREACH OF CONTRACT

109. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 108.

110. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

111. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

112. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

113. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

114. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

115. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AS TO COUNT V
## CONTRIBUTION

116. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 115.

117. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

118. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AS TO COUNT VI
## INDEMNITY

119. K.B. and P.B. incorporate by reference the responses contained in paragraphs 1 through 118.

120. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

121. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

122. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSES

K.B. and P.B. reserve the right to assert any and all applicable defenses to KidsPeace's claims. K.B. and P.B. have not yet obtained all necessary discovery in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which K.B. and P.B. have the burden of proof as a matter of law, K.B. and P.B. state as follows:

## FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state, in whole or in part, any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

KidsPeace lacks standing to assert claims for negligence, negligent supervision, and negligence *per se* against K.B. and P.B.

## THIRD AFFIRMATIVE DEFENSE

KidsPeace's claims are barred by unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

KidsPeace's contract claim is barred by the gist of the action doctrine.

## FIFTH AFFIRMATIVE DEFENSE

KidsPeace's claims are barred by its failure to disclose J.W.'s complete medical and psychiatric history to K.B. and P.B. before placing him in their home as well as its failure to respond to concerns raised by K.B. and P.B. after J.W. was placed in their home. KidsPeace's

failure to disclose and failure to respond to concerns raised by K.B. and P.B. breached the agreements between K.B. and P.B., on one hand, and KidsPeace, on the other hand.

**WHEREFORE**, K.B. and P.B. respectfully request that this Court enter judgment in its favor and against Third Party Plaintiffs on each and every claim in the Third Party Complaint with such other relief as the Court deem necessary and proper.

BUCHANAN INGERSOLL & ROONEY PC

/s/ Samantha L. Southall_____
Samantha L. Southall
PA Attorney I.D. No. 80709
Kira N. Lum
PA Attorney I.D. No. 321678
Luke E. McDaniels
PA Attorney I.D. No. 322757
Two Liberty Place, Suite 3200
50 South 16th Street
Philadelphia, PA  19102
T: (215) 665-8700 | F: (215) 665-8760
samantha.southall@bipc.com
kira.lum@bipc.com
luke.mcdaniels@bipc.com

*Attorneys for Third Party Defendants, K.B. and P.B., individually, and as parents and natural guardians of Minor-Plaintiff, M.B.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2019 I served the foregoing Answer to KidsPeace, KidsPeace Corporation, and KidsPeace National Centers, Inc.'s ("KidsPeace") Third Party Complaint by serving the same via the electronic filing system to:

Gregory S. Spizer, Esquire
Emily B. Ashe, Esquire
ANAPOL WEISS
130 N. 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
gspizer@anapolweiss.com

*Attorney for Minor-Plaintiff, M.B., by and through James Rocco, III, Esquire, her Guardian Ad Litem*

Frank R. Emmerich, Jr., Esquire
ECKERT SEAMANS CHERIN & MELLOTT LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, Pennsylvania 19102
femmerich@eckertseamans.com

*Attorney for Defendants and Third Party Plaintiffs KidsPeace, KidsPeace Corporation, and KidsPeace National Centers, Inc., Kelsey O'Hara, Heather Moore, Cori Ruszkowski*

Frank L. Tamulonis, Jr., Esquire
LIEBERMAN, TAMULONIS & HOBBS
111 East Market Street
P.O. Box 238
Pottsville, Pennsylvania 17901
ftamulonis@lthlawfirm.com

*Attorneys for Defendants and Third Party Plaintiffs Schuylkill County and Marcia Hoke*

James Rocco, III, Esquire
ROCCO LAW OFFICES
1515 Market Street #825
Philadelphia, PA 19102

*Guardian Ad Litem for Plaintiff M.B.*

/s/ Samantha L. Southall_____
Samantha L. Southall