IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.B., A MINOR, BY AND THROUGH JAMES ROCCO, III, ESQUIRE, HER *GUARDIAN AD LITEM*, <br><br>　　　　　　　　Minor-Plaintiff, <br>　v. <br><br>SCHUYLKILL COUNTY, et al., <br><br>　　　　　　　　Defendants, <br><br>　　v. <br><br>K.B. AND P.B., INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF MINOR-PLAINTIFF, M.B. <br><br>　　　　　　　　Third Party Defendants. | CIVIL ACTION <br> 18-CV-00756-GEKP |

**K.B. AND P.B.'S ANWER TO THE THIRD PARTY COMPLAINT OF DEFENDANTS SCHUYLKILL COUNTY AND MARCIA HOKE**

Third Party Defendants K.B. and P.B., by and through its undersigned counsel, respectfully answer Defendants Schuylkill County and Marcia Hoke's Third Party Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part. Admitted only that K.B. and P.B. are the legal parents of M.B. The remaining allegations constitute legal conclusions as to which no response is required. To the extent that a response is required, K.B. and P.B. denies those allegations.

9. Admitted in part, denied in part. Admitted only that K.B. and P.B. have previously fostered children and registered as foster parents with KidsPeace National Centers, Inc. The remaining allegations of this paragraph are denied.

10. Admitted in part, denied in part. Admitted only that KidsPeace National Centers, Inc. required K.B. and P.B. to take a brief training course. The remaining allegations of this paragraph are denied.

11. Admitted in part, denied in part. Admitted only that K.B. and P.B. were presented with the prospect of fostering J.W. and that J.W. currently resided at Lehigh Valley Hospital. Denied that K.B. and P.B. were told the specific reason for J.W.'s psychiatric treatment. The remaining allegations of this paragraph are denied.

12. Admitted in part, denied in part. Admitted that K.B. and P.B. were informed that J.W. had multiple foster care placements, and was admitted to Lehigh Valley Hospital. Denied that KidsPeace provided K.B. and P.B. with full and complete information relating to J.W.'s psychiatric, emotional, and behavioral profile or the specific reason for J.W.'s psychiatric treatment at Lehigh Valley Hospital. The remaining allegations of this paragraph are denied.

13. Admitted.

14. Admitted in part, denied in part. Admitted that K.B. and P.B. were informed that J.W. had multiple foster care placements, and was the victim of neglect and physical abuse. Denied that Cori Ruszkowski provided K.B. and P.B. with full and complete information relating to J.W.'s psychiatric, emotional, and behavioral profile, the specific reason for J.W.'s psychiatric

treatment at Lehigh Valley Hospital or his hospital admissions, or the "prior instances involving foster parents." The remaining allegations of this paragraph are denied.

15. Admitted in part, denied in part. Admitted that K.B. and P.B. were informed that J.W. was under psychiatric treatment and was prescribed medication. Denied that K.B. and P.B. were provided with full and complete reasons for J.W.'s psychiatric treatment and the purpose of his prescribed medication. The remaining allegations of this paragraph are denied.

16. Admitted.

17. Denied. Schuylkill County provided KidsPeace, not K.B. or P.B., with documents relating to J.W.'s psychiatric, emotional, and behavioral profile. KidsPeace indicated that it would provide a copy of the documents to K.B. and P.B., but did not follow through on this promise or provide them with a synopsis of the information contained therein. Therefore, K.B. and P.B. lack knowledge of the documents provided by Schuylkill County on the day in questions. The remaining allegations of this paragraph are denied.

18. Denied. Cori Ruszkowski indicated that she would provide a copy of the documents to K.B. and P.B., but did not follow through on this promise or provide them with a synopsis of the information contained therein. The remaining allegations of this paragraph are denied.

19. Admitted in part, denied in part. Admitted only that K.B. informed KidsPeace that J.W. alleged he had been sexually abused and that K.B. and P.B. were aware of J.W.'s history of non-sexual physical and emotional abuse. Denied that K.B. and P.B. had knowledge that J.W. had, in fact, suffered from physical and emotional trauma related to sexual abuse. The remaining allegations of this paragraph are denied.

20. Admitted in part, denied in part. Admitted only that K.B. previously expressed a desire to foster J.W.'s siblings. Denied that K.B. attended the psychological evaluation of J.W. and that she discussed J.W.'s past psychiatric, emotional, and behavioral issues at this evaluation. The remaining allegations of this paragraph are denied.

21. Admitted in part, denied in part. Admitted only that JW informed K.B. that another boy tried to kiss him, and that Marcia Hoke explained that when J.W. was approached about the incident, he acted violently, flipped a table and attempted to jump out of a window. The remaining allegations of this paragraph are denied.

22. Admitted.

23. Admitted in part, denied in part. Admitted only that on or about June 11, 2017, K.B. reported to KidsPeace that J.W. advised her that he was molested by a former foster mother. Denied that KidsPeace National Centers, Inc. told K.B. and P.B. that the allegations were deemed unfounded. The remaining allegations of this paragraph are denied.

24. Denied.

25. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

26. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**AFFIRMATIVE DEFENSES**

K.B. and P.B. reserve the right to assert any and all applicable defenses to Schuylkill County and Marcia Hoke's claims. K.B. and P.B. have not yet obtained all necessary discovery

in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which K.B. and P.B. have the burden of proof as a matter of law, K.B. and P.B. state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state, in whole or in part, any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Schuylkill County and Marcia Hoke's claims are barred by unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Schuylkill County and Marcia Hoke's claims are barred by their failure to disclose J.W.'s complete medical and psychiatric history to K.B. and P.B. before placing him in their home.

**WHEREFORE**, K.B. and P.B. respectfully request that this Court enter judgment in its favor and against Third Party Plaintiffs on each and every claim in the Third Party Complaint with such other relief as the Court deem necessary and proper.

BUCHANAN INGERSOLL & ROONEY PC

/s/ Samantha L. Southall
Samantha L. Southall
PA Attorney I.D. No. 80709
Kira N. Lum
PA Attorney I.D. No. 321678
Luke E. McDaniels
PA Attorney I.D. No. 322757
Two Liberty Place, Suite 3200

                    50 South 16th Street
                    Philadelphia, PA  19102
                    T: (215) 665-8700 | F: (215) 665-8760
                    samantha.southall@bipc.com
                    kira.lum@bipc.com
                    luke.mcdaniels@bipc.com

*Attorneys for Third Party Defendants, K.B. and P.B., individually, and as parents and natural guardians of Minor-Plaintiff, M.B.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2019 I served the foregoing via the electronic filing system to:

| | |
|---|---|
| Gregory S. Spizer, Esquire<br>Emily B. Ashe, Esquire<br>ANAPOL WEISS<br>130 N. 18th Street, Suite 1600<br>Philadelphia, Pennsylvania 19103<br>gspizer@anapolweiss.com<br><br>*Attorney for Minor-Plaintiff, M.B., by and through James Rocco, III, Esquire, her Guardian Ad Litem* | Frank L. Tamulonis, Jr., Esquire<br>LIEBERMAN, TAMULONIS & HOBBS<br>111 East Market Street<br>P.O. Box 238<br>Pottsville, Pennsylvania 17901<br>ftamulonis@lthlawfirm.com<br><br>*Attorneys for Defendants and Third Party Plaintiffs Schuylkill County and Marcia Hoke* |
| Frank R. Emmerich, Jr., Esquire<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>Two Liberty Place<br>50 South 16th Street, 22nd Floor<br>Philadelphia, Pennsylvania 19102<br>femmerich@eckertseamans.com<br><br>*Attorney for Defendants and Third Party Plaintiffs KidsPeace, KidsPeace Corporation, and KidsPeace National Centers, Inc., Kelsey O'Hara, Heather Moore, Cori Ruszkowski* | James Rocco, III, Esquire<br>ROCCO LAW OFFICES<br>1515 Market Street #825<br>Philadelphia, PA 19102<br><br>*Guardian Ad Litem for Plaintiff M.B.* |

                                                    /s/ Samantha L. Southall_____